UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NEXUS PERFORATING LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 4:20-cv-1539 |
| | ) |
| C&J ENERGY SERVICES, INC.; a Delaware corporation; NEXTIER OILFIELD SOLUTIONS, INC., a Delaware corporation; and, STEVE DELOZIER, an individual. | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendants. | ) |

# COMPLAINT

PLAINTIFF Nexus Perforating LLC ("PLAINTIFF" or NEXUS") for its Complaint against Defendants, states and alleges the following:

## I. PARTIES

1. PLAINTIFF is a limited liability company organized under the laws of the State of Texas, having its principal place of business at 3311 Normandy Forest Ct., Spring, Texas 77388.

2. Upon information and belief, Defendant C&J Energy Services, Inc. ("C&J") is a corporation organized under the laws of the State of Delaware, having a principle address and doing business at 3990 Rogerdale Road, Houston, Texas 77042. C&J's registered agent for service of process is CSC-Lawyers Incorporating, having an address at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

1
COMPLAINT

3. Upon information and belief, Defendant NexTier Oilfield Solutions, Inc. ("NEXTIER") is a corporation organized under the laws of the State of Delaware, having a principle place of business at 2121 Sage Road, Houston, Texas 77056. NEXTIER'S registered agent for service of process is the Corporation Trust Company, Corporation Trust Center 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

4. Upon information and belief, Steve DELOZIER ("DELOZIER") is an individual living in the State of Texas, and doing business in Houston at 3990 Rogerdale Road, Houston, Texas 77042. Service of process is proper on this individual at any place where he can be found and served.

## II. JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, Title 35 United States Code, 35 U.S.C. §1, *et seq.* This Court has subject matter jurisdiction for the claims of patent infringement under 28 U.S.C. §§1331 and 1338.

6. Defendants are subject to the jurisdiction of this Court by reason of their acts of patent infringement, which have been committed in this Judicial District, and by virtue of its regularly conducted and systematic business contacts in this state. Further, Defendants have a principal place of business at 3990 Rogerdale Road, Houston, Texas 77042. STEVE DELOZIER is subject to the jurisdiction of this Court by reason of his active participation in the patent infringement which is the subject of this lawsuit.

7. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

### III.  FACTS

1.  U.S. Pat. No. 10,352,136 ("the '136 patent") (attached herein as Exhibit A) issued to inventor Sergio F. Goyenneche (hereinafter "Sergio") on Jul. 16, 2019.  The '136 Patent was duly assigned to Nexus, which was recorded with the U.S. Patent and Trademark Assignment Database at Reel/frame: 051794/0400.  Accordingly, Nexus is the owner of record and the exclusive rights holder of the '136 patent.

2.  The '136 patent relates to an innovative way of wirelessly connecting perforating guns ("perf guns") into a long assembly, known as a string, that is then lowered down an oil-well and used to shoot a pattern of holes into the well casing so that oil can spill into the casing and then be harvested at the surface.  *See* Ex. A, pg. 2 (Abstract).  An example of two connected guns (identified as element 12) according to the '136 patent is provided below:



*See* Ex. A, pg. 9.

3.  Perf guns are assembled or connected into a string on-site.  In one mode of operation, a connected perf gun string delivers shaped charges[1] in firing-order down a well casing.  *See* Ex. A.  Before the '136 patented technology, guns were electrically

---

[1] A "shape charge" is an explosive inside a cavity where the explosive upon detonation produces a detonation wave front determined by the shape of the cavity.

connected with wires and this type of connection was often undesirable since the firing of an adjacent gun in the string would sometimes damage the wiring and cause a mid-string cease-fire. *Id.* at pg. 10 (Col. 2:4-16). The '136 patent (as exemplified by the preferred embodiment above) improved the state of the art when it described a more reliable electromechanical connection of two perf guns without wires in a way that protected the connection from being damaged by proximately detonated charges. *See Id.* at pg. 2 (Abstract).

4. The patent application underlying the '136 patent was filed on May 15, 2015 with a request for treatment under the International Phase of the Patent Cooperation Treaty (PCT) (Application Number PCT/US2015/031047). A related U.S. Patent Application (Ser. No. 15/312,120) was timely filed on Nov. 17, 2016. The '136 patent issued Jul. 16, 2019 with claims 1 through 20. *See* Ex. A.

5. While the PCT patent was pending, Sergio, on behalf of NEXUS, developed a line of the patent pending perforating guns and/or parts that could be assembled on-site into the gun assembly. NEXUS then began selling the perf guns or parts featuring the patent pending technology.

6. C&J was a perf gun manufacturer. On or about March 30-31, 2016, NEXUS communicated with DELOZIER, a technology manager at C&J, to discuss the "patent pending" technology. At C&J, from about September 2012 to 2017, DELOZIER held titles such as "Senior Director, Perforating Technologies and Compliance" and "Director of Perforating Technology" where his responsibilities included "lead buyer & liaison for 3rd party perforating purchases." In about March 2017, DELOZIER contacted

NEXUS and expressed significant interest and sought more information from Sergio about the NEXUS technology. DELOZIER sought an in person meeting with Sergio to see samples of NEXUS' perf guns and this happened in late March 2017.

7. Sergio, on behalf of NEXUS, again met with DELOZIER on March 31, 2017. Thereafter, development continued by NEXUS including design of perf gun parts that could specifically be used in C&J's existing gun plans to implement NEXUS' technology. C&J purchased small orders of parts, but with the understanding with DELOZIER that larger orders by C&J would be forthcoming of the NEXUS parts. NEXUS made it clear that C&J only had permission to use NEXUS technology with C&J perf gun assemblies if they used the parts purchased from NEXUS.

8. C&J's guns using NEXUS' parts were successfully tested in Denver, Colorado around Oct. 9, 2017. DELOZIER called and advised of forthcoming part orders by C&J to retrofit 15,000 guns per month for the upcoming 2018 year. After this meeting, however, DELOZIER completely stopped communicating with NEXUS.

9. Later, NEXUS learned that, C&J came out (circa July 2018) with a version of the patent pending perf gun assembly called the "GameChanger™ Perforating System." ("GameChanger") (attached herein as Exhibit B and Exhibit C are marketing materials for the GameChanger). Sergio discovered GameChanger because it was put on display by C&J at a Galveston Convention.

10. When Sergio learned of the GameChanger being shown at the convention and read the marketing materials, Sergio knew that NEXUS' designs and pending patent rights had been infringed and his technology misappropriated. Marketing materials for

the GameChanger show the following image:



*See* Ex. B. With respect to the GameChanger C&J states:

> "The GameChanger perforating system features a semi-disposable gun assembly designed to increase efficiency and reliability by eliminating the misruns and resulting NPT associated with traditional gun systems. It is compatible with all manufacturers' standard shaped charges and uses addressable switches to provide real-time confirmation throughout the downhole descent. With no wires running between guns, the system provides design improvements that deliver a high level of confidence in the wellbore."

*See* Ex. C. The GameChanger is clearly a copy of the units developed by NEXUS for C&J for testing because the GameChanger wirelessly connects guns using NEXUS' parts (or derivatives thereof) developed during the testing of C&J guns with NEXUS.

11. At various times, NEXUS reached out to C&J to address the infringement, however, no legitimate efforts were made to compensate NEXUS for its efforts. DELOZIER called Sergio and offered a lowball "lump sum" for the infringements moving forward. On August 31, 2018 C&J asked for a "paid up license" for the "patent pending" rights. NEXUS did not agree. C&J made further attempts to obtain a license for its infringements of NEXUS' technology, but not at rates that were reasonable, or that would excuse the lack of good faith in its dealings with NEXUS, or the surreptitious use

of NEXUS technology in its "GameChanger" product.

12. On information and belief, C&J reorganized with or into NEXTIER. The exact nature of the new entity or DELOZIER's role in the entity is not yet known. However, the GameChanger continues to be made, sold, and used by NEXTIER without a license and in violation of the '136 patent.

13. NEXTIER appears to be a successor in interest to the business of C&J so that the actions of C&J, including tortious and contractual breaches of C&J are believed to be liabilities of NEXTIER, including in each of the Counts below.

## COUNT I

### (Patent Infringement)

14. PLAINTIFF re-alleges the allegations contained in previous paragraphs as if fully set forth herein.

15. Upon information and belief, in violation of 35 U.S.C. § 271(a) Defendants directly infringed and continue to infringe the '136 Patent by making, using, selling and/or offering for sale in the United States, including within this Judicial District, products that infringe one or more of the claims of the '136 Patent, all without authority of PLAINTIFF.

16. An infringement claim chart for the independent claim of the '136 patent is appended below. The language of the claim is provided in the left column with each limitation of the claim presented in its own row. The asserted basis for infringement, row-by-row and limitation-by-limitation, is provided in the second column on the right. The chart is provided below:

| Claim 1 | The GameChanger<sup>TM</sup> |
|---|---|
| 1. A gun assembly for perforating wells comprising: | GAMECHANGER PERFORATING SYSTEM<br>DESCRIPTION<br>The GameChanger perforating system features a semi-disposable gun assembly |
| at least one gun body casing, the casing being a hollow cylinder, with a box fitting at each end; | *[image: Gun body, Box fitting, Hollow cylinder labeled]* |
| a charge carrier, the carrier being a hollow cylinder, with exterior diameter less than the interior diameter of the casing, and a length shorter than the distance between the box fittings of the casing; | *[image: Hollow cyliner, Interior diameter less than distance between box fittings, Charge carrier labeled]* |
| a plurality of shape charges positioned radially inside the charge carrier and inter connected by a detonator cord; | *[image: Shape charges, Detonator cord labeled]* |
| a plurality of end caps affixed to the ends of the carrier and axially aligning the carrier within the casing between the box fitting ends, and secured therein; | *[image: end cap]* |

| | |
|---|---|
| at least one end cap being of a durable material, electrically conductive and electrically connects the charge carrier of the gun body; | |
| an addressable detonation switch electrically connected between an inner side of at least one end cap and the plurality of shape charges within the charge carrier. | |

17. Several other patent claims that depend from the asserted independent claim are also infringed. These asserted claims and related infringement charts will be provided at a later date in accordance with the local patent rules.

18. PLAINTIFF has been harmed by Defendants' infringing activities.

19. PLAINTIFF is entitled to an injunction and damages of not less than a reasonable royalty and/or its lost profits.

## COUNT II

### (Willful Infringement)

20. PLAINTIFF re-alleges the allegations contained in previous paragraphs as if fully set forth herein.

21. Upon information and belief, DEFENDANTS acted with intent in their continued infringement of PLAINTIFF's '136 Patent. Not only have DEFENDANTS had notice of the '136 Patent, but DEFENDANTS, without justification, continue to flagrantly infringe the '136 Patent.

22. As such, upon information and belief, C&J has willfully infringed the '136 Patent and PLAINTIFF has been harmed by Defendants' activities.

## **PRAYER FOR RELIEF**

Wherefore, PLAINTIFF NEXUS demands judgment for itself and against DEFENDANTS as follows:

A. An adjudication that the '136 Patent is valid;

B. An adjudication that DEFENDANTS have infringed the '136 Patent;

C. An award of damages to be paid by DEFENDANTS adequate to compensate PLAINTIFF for past infringement of the '136 Patent and any continuing infringement through the date such judgment is entered, including interest, costs, expenses, and an accounting of all infringement acts, including, but not limited to, those acts presented at trial;

D. An injunction enjoining DEFENDANTS and their respective officers, directors, agents, servants, employees, affiliates, attorneys, and all other acting in privity or in concert with them from directly or indirectly infringing the '136 Patent;

E. An award of enhanced damages in accordance with the patent laws for willful infringement;

F. A declaration that DEFENDANTS' infringement is willful;

G. A declaration that this case is exceptional under 35 U.S.C. § 285 and an award to PLAINTIFF of its reasonable attorney's fees;

H. An award of prejudgment and postjudgement interest;

I. An award of reasonable attorney fees as may be equitable or authorized by statute;

J.  An award of PLAINTIFF's costs of this litigation; and,

K.  An award to PLAINTIFF of such further relief at law or in equity as this Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rules of Civil Procedure Rule 38(b), PLAINTIFF hereby demands a trial by jury on all issues triable as such.

Date: April 30, 2020

Respectfully submitted,

BUCHE & ASSOCIATES, P.C.

/s/ *John K. Buche*
John K. Buche (TX Bar No. 24012352)
Scott D. Compton (TX Bar No. 24032088)
BUCHE & ASSOCIATES, P.C.
1700 Post Oak Blvd., 2 Blvd. Pl., Suite 600
Houston, TX 77056
Tel.: (858) 459-9111
Fax: (858) 430-2426
jbuche@buchelaw.com

*ATTORNEY FOR PLAINTIFF*
*NEXUS PERFORATING LLC*