IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **NEXUS PERFORATING LLC**<br><br>*Plaintiffs*,<br><br>v.<br><br>**C&J ENERGY SERVICES, INC.**, a Delaware Corporation; **NEXTIER OILFIELD SOLUTIONS INC.**, a Delaware Corporation; & **STEVE DELOZIER**, an Individual.<br><br>*Defendants.* | Case No. 4:20-CV-01539<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS NEXTIER OILFIELD SOLUTIONS INC. AND C&J ENERGY SERVICES, INC.'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT AND COUNTERCLAIMS**

Defendants NexTier Oilfield Solutions Inc. and C&J Energy Services, Inc.[1] (collectively, "NexTier" or "Defendant") by and through its undersigned counsel, file this Answer to Plaintiff's Original Complaint filed by Nexus Perforating LLC ("Nexus") (Dkt. No. 1). Defendant answers Nexus' Original Complaint using the same paragraph numbers used in Nexus' pleading.

### I.     PARTIES

1.     Plaintiff Nexus Perforating LLC is a limited liability company organized under the laws of the State of Texas, having its principal place of business at 3311 Normandy Forest Ct., Spring, Texas 77388.

---

[1] In 2019, C&J Energy Services, Inc. merged with Keane Group, Inc. to form the entity called NexTier Oilfield Solutions Inc.

**Defendant's Answer:** NexTier lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 1 and, accordingly, denies them.

2.      Upon information and belief, Defendant C&J Energy Services, Inc. ("C&J") is a corporation organized under the laws of the State of Delaware, having a principal address and doing business at 3990 Rogerdale Road, Houston, Texas 77042. C&J's registered agent for service of process is CSC-Lawyers Incorporating, having an address at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

**Defendant's Answer:** In 2019, C&J Energy Services, Inc. and Keane Group, Inc. merged into a new entity called NexTier Oilfield Solutions Inc.  Accordingly, NexTier denies the allegations contained in paragraph 2.

3.      Upon information and belief, Defendant NexTier Oilfield Solutions Inc. ("NexTier") is a corporation organized under the laws of the State of Delaware, having a principal place of business at 2121 Sage Road, Houston, Texas 77056. NexTier's registered agent for service of process is the Corporation Trust Company, Corporation Trust Center 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

**Defendants' Answer:** NexTier denies that its principal place of business is at 2121 Sage Road, Houston, Texas 77056.  NexTier admits the remaining allegations of paragraph 3.

4.      Upon information and belief, Steve Delozier ("Delozier") is an individual living in the State of Texas, and doing business in Houston at 3990 Rogerdale Road, Houston, Texas 77042. Service of process is proper on this individual at any place where he can be found and served.

**Defendant's Answer:** NexTier denies that Mr. Delozier is doing business at 3990 Rogerdale Road, Houston, Texas 77042.  NexTier lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 4 and, accordingly, denies them.

## II.  JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, Title 35 United States Code, 35 U.S.C. §1, *et seq.* This Court has subject matter jurisdiction for the claims of patent infringement under 28 U.S.C. §§1331 and 1338.

**Defendant's Answer:** NexTier admits that this Court has subject matter jurisdiction with respect to this action.

6. Defendants are subject to the jurisdiction of this Court by reason of their acts of patent infringement, which have been committed in this Judicial District, and by virtue of its regularly conducted and systematic business contacts in this state. Further, Defendants have a principal place of business at 3990 Rogerdale Road, Houston, Texas 77042. Steve Delozier is subject to the jurisdiction of this Court by reason of his active participation in the patent infringement which is the subject of this lawsuit.

**Defendant's Answer:** NexTier admits that it is subject to the personal jurisdiction of this Court. To the extent not expressly admitted, NexTier denies the remaining allegations of paragraph 6.

7. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

**Defendant's Answer:** NexTier admits that venue in this District is proper with respect to Nexus' Complaint.

## III.  FACTS

1. U.S. Pat. No. 10,352,136 ("the '136 patent") (attached herein as Exhibit A) issued to inventor Sergio F. Goyenneche (hereinafter "Sergio") on Jul. 16, 2019. The '136 Patent was duly assigned to Nexus, which was recorded with the U.S. Patent and Trademark Assignment

3

Database at Reel/frame: 051794/0400. Accordingly, Nexus is the owner of record and the exclusive rights holder of the '136 patent.

**Defendant's Answer:** NexTier lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 1 and, accordingly, denies them.

2.  The '136 patent relates to an innovative way of wirelessly connecting perforating guns ("perf guns") into a long assembly, known as a string, that is then lowered down an oil-well and used to shoot a pattern of holes into the well casing so that oil can spill into the casing and then be harvested at the surface. See Ex. A, pg. 2 (Abstract). An example of two connected guns (identified as element 12) according to the '136 patent is provided below:



See Ex. A, pg. 9.

**Defendant's Answer:** NexTier denies the allegations contained in paragraph 2.

3.  Perf guns are assembled or connected into a string on-site. In one mode of operation, a connected perf gun string delivers shaped charges[2] in firing-order down a well casing. See Ex. A. Before the '136 patented technology, guns were electrically connected with wires and this type of connection was often undesirable since the firing of an adjacent gun in the string would sometimes damage the wiring and cause a mid-string cease-fire. Id. at pg. 10 (Col. 2:4-16). The '136 patent (as exemplified by the preferred embodiment above) improved the state of the art when

---

[2] A "shape charge" is an explosive inside a cavity where the explosive upon detonation produces a detonation wave front determined by the shape of the cavity.

it described a more reliable electromechanical connection of two perf guns without wires in a way that protected the connection from being damaged by proximately detonated charges. See Id. at pg. 2 (Abstract).

**Defendant's Answer:** NexTier denies the allegations contained in paragraph 3.

4. The patent application underlying the '136 patent was filed on May 15, 2015 with a request for treatment under the International Phase of the Patent Cooperation Treaty (PCT) (Application Number PCT/US2015/031047). A related U.S. Patent Application (Ser. No. 15/312,120) was timely filed on Nov. 17, 2016. The '136 patent issued Jul. 16, 2019 with claims 1 through 20. See Ex. A.

**Defendant's Answer:** NexTier lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 4 and, accordingly, denies them.

5. While the PCT patent was pending, Sergio, on behalf of Nexus, developed a line of the patent pending perforating guns and/or parts that could be assembled on-site into the gun assembly. Nexus then began selling the perf guns or parts featuring the patent pending technology.

**Defendant's Answer:** NexTier lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 5 and, accordingly, denies them.

6. C&J was a perf gun manufacturer. On or about March 30-31, 2016, Nexus communicated with Delozier, a technology manager at C&J, to discuss the "patent pending" technology. At C&J, from about September 2012 to 2017, Delozier held titles such as "Senior Director, Perforating Technologies and Compliance" and "Director of Perforating Technology" where his responsibilities included "lead buyer & liaison for 3rd party perforating purchases." In about March 2017, Delozier contacted Nexus and expressed significant interest and sought more information from Sergio about the Nexus technology. Delozier sought an in-person meeting with

Sergio to see samples of Nexus' perf guns and this happened in late March 2017.

**Defendant's Answer:** NexTier admits that C&J was a perf gun manufacturer. NexTier further admits that Mr. Delozier held titles relating to director of perforating technology. NexTier lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 6 and, accordingly, denies them.

7. Sergio, on behalf of Nexus, again met with Delozier on March 31, 2017. Thereafter, development continued by Nexus including design of perf gun parts that could specifically be used in C&J's existing gun plans to implement Nexus' technology. C&J purchased small orders of parts, but with the understanding with Delozier that larger orders by C&J would be forthcoming of the Nexus parts. Nexus made it clear that C&J only had permission to use Nexus technology with C&J perf gun assemblies if they used the parts purchased from Nexus.

**Defendant's Answer:** NexTier denies that "C&J purchased small orders of parts but with the understanding with Delozier that larger orders by C&J would be forthcoming of the Nexus parts." NexTier denies that "Nexus made it clear that C&J only had permission to use Nexus technology with C&J perf gun assemblies if they used the parts purchased from Nexus." NexTier lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 7 and, accordingly, denies them.

8. C&J's guns using Nexus' parts were successfully tested in Denver, Colorado around Oct. 9, 2017. Delozier called and advised of forthcoming part orders by C&J to retrofit 15,000 guns per month for the upcoming 2018 year. After this meeting, however, Delozier completely stopped communicating with Nexus.

**Defendant's Answer:** NexTier lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 8 and, accordingly, denies them.

9. Later, Nexus learned that, C&J came out (circa July 2018) with a version of the patent pending perf gun assembly called the "GameChanger™ Perforating System." ("GameChanger") (attached herein as Exhibit B and Exhibit C are marketing materials for the GameChanger). Sergio discovered GameChanger because it was put on display by C&J at a Galveston Convention.

**Defendant's Answer:** NexTier denies the allegations contained in paragraph 9.

10. When Sergio learned of the GameChanger being shown at the convention and read the marketing materials, Sergio knew that Nexus' designs and pending patent rights had been infringed and his technology misappropriated. Marketing materials for the GameChanger show the following image:



See Ex. B. With respect to the GameChanger C&J states:

"The GameChanger perforating system features a semi-disposable gun assembly designed to increase efficiency and reliability by eliminating the misruns and resulting NPT associated with traditional gun systems. It is compatible with all manufacturers' standard shaped charges and uses addressable switches to provide real-time confirmation throughout the downhole descent. With no wires running between guns, the system provides design improvements that deliver a high level of confidence in the wellbore."

See Ex. C. The GameChanger is clearly a copy of the units developed by Nexus for C&J for testing because the GameChanger wirelessly connects guns using Nexus' parts (or derivatives thereof) developed during the testing of C&J guns with Nexus.

**Defendant's Answer:** NexTier denies the allegations contained in paragraph 10.

11. At various times, Nexus reached out to C&J to address the infringement, however, no legitimate efforts were made to compensate Nexus for its efforts. Delozier called Sergio and offered a lowball "lump sum" for the infringements moving forward. On August 31, 2018 C&J asked for a "paid up license" for the "patent pending" rights. Nexus did not agree. C&J made further attempts to obtain a license for its infringements of Nexus' technology, but not at rates that were reasonable, or that would excuse the lack of good faith in its dealings with Nexus, or the surreptitious use of Nexus technology in its "GameChanger" product.

**Defendant's Answer:** NexTier denies the allegations contained in paragraph 11.

12. On information and belief, C&J reorganized with or into NexTier. The exact nature of the new entity or Delozier's role in the entity is not yet known. However, the GameChanger continues to be made, sold, and used by NexTier without a license and in violation of the '136 patent.

**Defendant's Answer:** NexTier denies the allegations contained in paragraph 12.

13. NexTier appears to be a successor in interest to the business of C&J so that the actions of C&J, including tortious and contractual breaches of C&J are believed to be liabilities of NexTier, including in each of the Counts below.

**Defendant's Answer:** NexTier admits that it is the successor in interest to C&J Energy Services, Inc. To the extent not expressly admitted, NexTier denies the remaining allegations of paragraph 13.

## COUNT I

## (Patent Infringement)

14. Plaintiff re-alleges the allegations contained in previous paragraphs as if fully set forth herein.

**Defendant's Answer:** NexTier repeats its responses to the allegations contained in the previous paragraphs as if fully set forth herein.

15. Upon information and belief, in violation of 35 U.S.C. § 271(a) Defendants directly infringed and continue to infringe the '136 Patent by making, using, selling and/or offering for sale in the United States, including within this Judicial District, products that infringe one or more of the claims of the '136 Patent, all without authority of Plaintiff.

**Defendant's Answer:** NexTier denies the allegations contained in paragraph 15.

16. An infringement claim chart for the independent claim of the '136 patent is appended below. The language of the claim is provided in the left column with each limitation of the claim presented in its own row. The asserted basis for infringement, row-by-row and limitation-by-limitation, is provided in the second column on the right. The chart is provided below:

| Claim 1 | The GameChanger™ |
|---|---|
| 1. A gun assembly for perforating wells comprising: | GAMECHANGER PERFORATING SYSTEM<br><br>DESCRIPTION<br>The GameChanger perforating system features a semi-disposable gun assembly |

| | |
|---|---|
| at least one gun body casing, the casing being a hollow cylinder, with a box fitting at each end; | |
| a charge carrier, the carrier being a hollow cylinder, with exterior diameter less than the interior diameter of the casing, and a length shorter than the distance between the box fittings of the casing; | |
| a plurality of shape charges positioned radially inside the charge carrier and inter connected by a detonator cord; | |
| a plurality of end caps affixed to the ends of the carrier and axially aligning the carrier within the casing between the box fitting ends, and secured therein; | |
| at least one end cap being of a durable material, electrically conductive and electrically connects the charge carrier of the gun body; | |

10

| | |
|---|---|
| an addressable detonation switch electrically connected between an inner side of at least one end cap and the plurality of shape charges within the charge carrier. |  |

**Defendant's Answer:** NexTier denies the allegations contained in paragraph 16.

17. Several other patent claims that depend from the asserted independent claim are also infringed. These asserted claims and related infringement charts will be provided at a later date in accordance with the local patent rules.

**Defendant's Answer:** NexTier denies the allegations contained in paragraph 17.

18. Plaintiff has been harmed by Defendants' infringing activities.

**Defendant's Answer:** NexTier denies the allegations contained in paragraph 18.

19. Plaintiff is entitled to an injunction and damages of not less than a reasonable royalty and/or its lost profits.

**Defendant's Answer:** NexTier denies the allegations contained in paragraph 19.

**COUNT II**

**(Willful Infringement)**

20. Plaintiff re-alleges the allegations contained in previous paragraphs as if fully set forth herein.

**Defendant's Answer:** NexTier repeats its responses to the allegations contained in the previous paragraphs as if fully set forth herein.

21. Upon information and belief, Defendants acted with intent in their continued infringement of Plaintiff's '136 Patent. Not only have Defendants had notice of the '136 Patent, but Defendants, without justification, continue to flagrantly infringe the '136 Patent.

**Defendant's Answer:** NexTier denies the allegations contained in paragraph 21.

22. As such, upon information and belief, C&J has willfully infringed the '136 Patent and Plaintiff has been harmed by Defendants' activities.

**Defendant's Answer:** NexTier denies the allegations contained in paragraph 22.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Nexus demands judgment for itself and against Defendants as follows:

A. An adjudication that the '136 Patent is valid;

B. An adjudication that Defendants have infringed the '136 Patent;

C. An award of damages to be paid by Defendants adequate to compensate Plaintiff for past infringement of the '136 Patent and any continuing infringement through the date such judgment is entered, including interest, costs, expenses, and an accounting of all infringement acts, including, but not limited to, those acts presented at trial;

D. An injunction enjoining Defendants and their respective officers, directors, agents, servants, employees, affiliates, attorneys, and all other acting in privity or in concert with them from directly or indirectly infringing the '136 Patent;

E. An award of enhanced damages in accordance with the patent laws for willful infringement;

F. A declaration that Defendants' infringement is willful;

G. A declaration that this case is exceptional under 35 U.S.C. § 285 and an award to

<blockquote>

Plaintiff of its reasonable attorney's fees;

H. An award of prejudgment and post-judgement interest;

I. An award of reasonable attorney fees as may be equitable or authorized by statute;

J. An award of Plaintiff's costs of this litigation; and,

K. An award to Plaintiff of such further relief at law or in equity as this Court deems just and proper.

</blockquote>

**Defendant's Answer:** NexTier denies that Nexus is entitled to judgment in its favor or to any relief requested in its Prayer for Relief, and respectfully requests that the Court deny Nexus' requested relief.

## JURY DEMAND

Pursuant to Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands a trial by jury on all issues triable as such.

**Defendant's Answer:** No response is required to Nexus' jury demand.

## DEFENSES

Subject to the responses above, NexTier alleges and asserts the following defenses in response to the allegations, without admitting or acknowledging that NexTier bears the burden of proof as to any of them or that any must be pleaded as defenses. NexTier specifically reserves all rights to allege additional defenses that become known through the course of discovery.

## FIRST DEFENSE: NO INFRINGEMENT

NexTier does not infringe, either directly, indirectly, by inducement or contribution, any valid and enforceable claim of the '136 Patent, willfully or otherwise.

## SECOND DEFENSE: INVALIDITY

The asserted claims of the '136 Patent are invalid for failure to satisfy the requirements

of 35 U.S.C. § 100, et seq., including but not limited to, one or more of the following: 35 U.S.C. § 102, 103 and/or 112.

### THIRD DEFENSE: LACHES, ESTOPPEL, UNCLEAN HANDS

The asserted claims of the '136 Patent are unenforceable as asserted, in whole or in part, by laches, estoppel, and/or unclean hands.

### FOURTH DEFENSE: INEQUITABLE CONDUCT

The asserted claims of the '136 Patent are unenforceable as asserted, in whole or in part, as a result of the patentee's and/or their agent's inequitable conduct before the United States Patent and Trademark Office, including through the patentee's and/or their agent's failure to properly disclose known, relevant prior art to the United States Patent and Trademark Office.

### FIFTH DEFENSE: PROSECUTION HISTORY ESTOPPEL

Nexus' claims are barred, in whole or in part, as a result of representations, admissions and statements made by the patentee and/or their agent to the United States Patent and Trademark Office as to the scope of the asserted claims of the '136 Patent and the differences between those claims and the known, relevant prior art.

### RESERVATION OF DEFENSES

NexTier hereby reserves the right to supplement its defenses as discovery proceeds in this case.

### COUNTERCLAIMS

Without waiver of any rights, NexTier asserts the following counterclaims against Nexus, and upon information and belief states as follows:

### THE PARTIES

1. NexTier Oilfield Solutions Inc. ("NexTier") is a corporation organized under the

laws of the State of Delaware, having a principle place of business at 3990 Rogerdale Road, Houston, Texas 77042.

2. On information and belief, Plaintiff Nexus Perforating LLC ("Nexus") is a limited liability company organized under the laws of the State of Texas, having its principal place of business at 3311 Normandy Forest Ct., Spring, Texas 77388.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter of these counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

4. Nexus has consented to personal jurisdiction by commencing this action for patent infringement in this judicial district, as set forth in Nexus' Complaint.

5. Nexus has consented to venue in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400 for these counterclaims.

**FACTUAL BACKGROUND**

6. NexTier restates and incorporates by reference the allegations in its paragraphs 1 through 5 above as if set forth fully herein.

7. In its Complaint, Nexus asserts that NexTier has infringed U.S. Patent No. 10,352,136 ("the '136 patent") by making, using, selling and/or offering for sale in the United States products that allegedly practice one or more claims of the '136 patent.

8. The '136 patent is invalid, unenforceable and/or is not infringed by NexTier, directly or indirectly.

9. Consequently, there is an actual case or controversy between the parties over the non-infringement, invalidity and unenforceability of the '136 patent.

### FIRST COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,352,136

10. NexTier restates and incorporates by reference the allegations in its paragraphs 1 through 9 above as if set forth fully herein.

11. An actual case or controversy exists between NexTier and Nexus as to whether the '136 patent is not infringed by NexTier.

12. NexTier has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '136 patent. By way of example and without limitation, NexTier does not infringe at least Claim 1 of the '136 patent because its accused products do not include the limitation "at least one end cap being of a durable material, electrically conductive and electrically connects the charge carrier of the gun body," as claimed by the '136 patent.

13. A judicial declaration is necessary and appropriate so that NexTier may ascertain its rights regarding the '136 patent.

### SECOND COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,352,136

14. NexTier restates and incorporates by reference the allegations in its paragraphs 1 through 13 above as if set forth fully herein.

15. An actual case or controversy exists between NexTier and Nexus as to whether the '136 patent is invalid.

16. The claims of the '136 patent are invalid for failure to satisfy one or more requirements of 35 U.S.C. § 1, et seq., including but not limited to §§ 102, 103 and 112.

17. A judicial declaration is necessary and appropriate so that NexTier may ascertain whether the '136 patent is invalid.

### JURY DEMAND

18. NexTier Oilfield Solutions Inc. hereby demands a trial by jury on all issues.

**PRAYER FOR RELIEF**

WHEREFORE, NexTier prays for judgment as follows:

A. A judgment dismissing Nexus' Complaint against NexTier with prejudice.

B. A judgment in favor of NexTier on all of its counterclaims.

C. A declaration that NexTier has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claim of the '136 Patent.

D. A declaration that the '136 Patent is invalid.

E. An award to NexTier of its fees and expenses of litigation.

F. A judgment limiting or barring Nexus' ability to enforce the '136 Patent in equity.

G. Such other and further relief as this Court may deem just and proper.

Dated: July 16, 2020

Respectfully submitted,

AHMAD, ZAVITSANOS, ANAIPAKOS,
ALAVI & MENSING, P.C.

*/s/ Amir Alavi*
Amir Alavi
Texas Bar No. 00793239
aalavi@azalaw.com
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@azalaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@azalaw.com
1221 McKinney Street, Suite 2500
Houston, TX 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062

**ATTORNEYS FOR DEFENDANTS
C&J ENERGY SERVICES, INC., NEXTIER
OILFIELD SOLUTIONS, INC. and
STEVE DELOZIER**

**CERTIFICATE OF SERVICE**

I hereby certify that on the July 16, 2020, a copy of the foregoing was served on the following party electronically through the U.S. District Court, Southern District of Texas ECF system to all counsel of record all of whom are Filing Users of the Court's Electronic Filing System.

*/s/ Amir Alavi*
Amir Alavi