IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTERN DISTRICT OF TEXAS
HOUSTON DIVISION

**NEXUS PERFORATING LLC**

      *Plaintiffs*,

v.                                    Case No. 4:20-CV-01539

**C&J ENERGY SERVICES, INC.**, a
Delaware Corporation; **NEXTIER**         JURY TRIAL DEMANDED
**OILFIELD SOLUTIONS INC.**,
a Delaware Corporation; & **STEVE
DELOZIER**, an Individual.

      *Defendants.*

---

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIMS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

---

## **<u>TABLE OF CONTENTS</u>**

FACTUAL BACKGROUND ..................................................................................................1

ISSUES REQUIRING RESOLUTION ................................................................................3

ARGUMENT ......................................................................................................................3

    Patent Infringement and Willful Infringement (Count I and Count II) ......................3

    Breach of Contract (Count V) ....................................................................................5

    Common Law Fraud (Count III) .................................................................................7

    Promissory Estoppel (Count VIII) .............................................................................7

    Negligent Misrepresentation (Count IV) ...................................................................8

    Quantum Meruit (Count IV) ......................................................................................9

    Common Law Misappropriation (Count V) ...............................................................9

    Civil Conspiracy (Count VI) ....................................................................................11

    Respondeat Superior (Count VII) ............................................................................11

CONCLUSION .................................................................................................................12

CERTIFICATE OF SERVICE .........................................................................................14

<u>**TABLE OF AUTHORITIES**</u>

**Cases**

*"Moore" Burger, Inc. v. Phillips Pet. Co.,*
  492 S.W.2d 934 (Tex. 1972), *appeal dism'd,* No. 12-40195 (5th Cir. May 10, 2012) ...............8

*BCY Water Supply Corp. v. Residential Invs., Inc.,*
  170 S.W.3d 596 (Tex. App.—Tyler 2005, pet. denied) ...........................................................8

*Bell Atl. Corp. v Twombly,*
  550 U.S. 544 (2007) ...................................................................................................................4

*BHL Boresight, Inc. v. Geo-Steering Sols., Inc.,*
  2017 WL 2730739 (S.D. Tex. June 26, 2017) .........................................................................10

*Cavil v. Trendmaker Homes, Inc.,* Civ. A.
  2012 WL 170751 (S.D. Tex. Jan.19, 2012)................................................................................8

*Chambliss v. Foote,*
  421 F. Supp. 12 (E.D. La. 1976)..............................................................................................11

*Chimie v. PPG Industries Inc.,*
  402 F.3d 1371 (Fed. Cir. 2005) ............................................................................................ 1, 5

*de novo. Cinel v. Connick,*
  15 F.3d 1338 (5th Cir. 1994) .....................................................................................................*3*

*Hammonds v. Calhoun Dist.,*
  584 S.W.2d 473 (Tex. Civ. App. 1979) ......................................................................................6

*Hilliard v. Ferguson,*
  30 F.3d 649 (5th Cir. 1994) ......................................................................................................11

*Hudgens v. Allstate Texas Lloyd's,*
  2011 WL 6012602 (S.D.Tex.,2011)............................................................................................7

*In re Mandel,*
  578 Fed. App'x 376 (5th Cir. 2014) ........................................................................................10

*Lafleur v. McClelland,*
  2013 WL 5148181 (S.D. Tex. Sep. 11, 2013)..........................................................................11

iii

*LTS Group, Inc. v. Woodcrest Capital, L.L.C.,*
    222 S.W.3d 918 (Tex. App. — Dallas 2007, no pet.) ................................................9

*Pub. Health Equip. v. Clarke Mosquito,*
    410 Fed.Appx. 738, 2010 WL 5023234 (5th Cir. 2010) ...........................................6

*Reynosa v. Wood,*
    134 F.3d 369 (5th Cir. 1997) ...................................................................................11

*Richter v. Wagner Oil Co.,*
    90 S.W.3d 890 (Tex. App. — San Antonio 2002, no pet.) .........................................9

*Scherer v. Angell,*
    253 S.W.3d 777 (Tex. App.—Amarillo 2007, no pet.) .............................................8

*Sunshine Traders of El Paso, Inc. v. DolgenCorp, Inc.,*
    2005 WL 1009590 (W.D. Tex. Mar. 29, 2005) ..........................................................6

*Terra Nova Sciences, LLC v. JOA Oil & Gas Houston, LLC,*
    738 F. Supp. 2d 689 (S.D. Tex. 2010) ......................................................................9

*Turner v. Upton County,*
    915 F.2d 133 (5th Cir. 1990) ...................................................................................12

*Vest Safety Med. Servs. v. Arbor Envtl., LLC,*
    2020 WL 4003642 (S.D. Tex. July 15, 2020) ..........................................................10

*Worth Beauty LLC v. Allstar Prods. Grp., LLC,*
    2017 WL 5300007 (S.D. Tex. Nov. 13, 2017) .........................................................10

**Rules**

Tex. Bus. & Com. Code § 2.201 ........................................................................................6

35 U.S.C. § 271(a) ....................................................................................................... 3, 5

Federal Rule of Civil Procedure 12(b)(6) .................................................................... 1, 3

Federal Rule of Civil Procedure 9(b) ...............................................................................7

Texas Uniform Trade Secret Act of 2013 ......................................................................10

iv

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants NexTier Oilfield Solutions Inc. and C&J Energy Services, Inc. ("C&J") (collectively, "NexTier") and Defendant Steven DeLozier ("Mr. DeLozier"), by and through their undersigned counsel, file this Motion to Dismiss the Amended Complaint of Plaintiff Nexus Perforating LLC ("Nexus") (Dkt. No. 17). Specifically, Defendants move to dismiss the counts detailed below against all Defendants, and Counts I and II against Mr. DeLozier.

## FACTUAL BACKGROUND

On April 30, 2020, Nexus filed its Original Complaint against NexTier alleging a single claim for patent infringement. Specifically, Nexus alleged that NexTier infringes U.S. Patent No. 10,352,136 ("the '136 Patent") by making, using, selling, or offering for sale a perforating gun product called the GameChanger. As part of its claim, Nexus also named Mr. DeLozier, a former employee of C&J, as a defendant.

However, Nexus failed to provide any allegation as to how Mr. DeLozier—who left C&J in June of 2019, before the '136 Patent issued on July 16, 2019—infringed Nexus's patent under the law. Instead, Nexus merely asserted in its Original Complaint that "Defendants directly infringed and continue to infringe the '136 Patent by making, using, selling and/or offering for sale" the GameChanger product. *See* Dkt. 1 at ¶ 7.

Given that a patent cannot be infringed before it has been issued by the United States Patent and Trademark office, *see Chimie v. PPG Industries Inc.*, 402 F.3d 1371, 1382 (Fed. Cir. 2005)—and given that Mr. DeLozier left C&J before the '136 Patent had ever issued—Mr. DeLozier's counsel prepared a motion to dismiss on the basis that Nexus's Original Complaint

1

failed to adequately allege how Mr. DeLozier, as an individual, infringed any patent rights belonging to Nexus.

On July 21, 2020, as required by this Court's standing rules, Mr. DeLozier's counsel met-and-conferred with Nexus's counsel. During this meet-and-confer, Nexus represented that it would either withdraw its claim against Mr. DeLozier or, alternatively, amend its complaint against Mr. DeLozier to satisfy the pleading standard. Based on these representations, counsel did not file a motion on behalf of Mr. DeLozier, believing that the issue had been fully resolved.

Contrary to those representations, however, on August 4, 2020, Nexus filed an Amended Complaint (Dkt. No. 17) that neither withdrew nor amended its claim of patent infringement against Mr. DeLozier. Instead, Nexus doubled-down on its conclusory allegations of infringement, asserting that Mr. DeLozier infringed the '136 Patent "because he used and/or sold the patented technology he misappropriated, he knew about the patent, and on information and belief, received some form of remuneration or compensation for delivering the misappropriated technologies to C&J," all based on alleged activities that occurred before the '136 Patent ever issued. *See* Dkt. 17 at ¶ 22. Even more problematic, Nexus went far beyond what the parties agreed to during their meet-and-confer by adding 8 new claims, including additional claims against NexTier.

Instead of resolving the issues that the parties discussed during the meet-and-confer process, Nexus's actions seek to thwart the goal of the Court's standing rules and increase the costs of litigation by pleading a host of new claims that are deficient on their face. For the

reasons discussed below, the Court should grant Defendants' Motion to Dismiss with respect to the specified claims.

## ISSUES REQUIRING RESOLUTION

In addition to its claims of Patent Infringement and Willful Infringement, Nexus has added new claims for: (1) Breach of Contract, (2) Common Law Misappropriation, (3) Common Law Fraud, (3) Negligent Misrepresentation, (4) Quantum Meruit, (5) Civil Conspiracy, (6) Respondeat Superior, (7) Civil Conspiracy, and (8) Promissory Estoppel.[1] Defendants challenge the claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  The 5th Circuit reviews a Rule 12(b)(6) dismissal *de novo*. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994).

## ARGUMENT

### Patent Infringement and Willful Infringement (Count I and Count II)

Like the Original Complaint, Nexus's Amended Complaint is deficient because it fails to adequately plead how Mr. DeLozier allegedly infringed the '136 Patent under 35 U.S.C. § 271(a).  Instead, Nexus's allegations against Mr. DeLozier are limited to the conclusory statement that he "used and/or sold the patented technology."  Dkt. 17 at ¶ 22.

---

[1] For purposes of clarity and to assist the Court, Defendants note that Nexus's Amended Complaint appears to have mis-numbered its claims by inadvertently reusing the numbering for Count IV and Count V.  As a result, although Nexus's final count (Promissory Estoppel) is labeled Count VIII, Nexus's Amended Complaint contains ten counts in total.  To avoid confusion, Defendants' Motion will refer to the names of the counts rather than just the count numbers.

3

However, under the pleading standard, a claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, a claim must instead be supported by factual allegations sufficient to push the claims "across the line from conceivable to plausible."  *Id.* at 679-80.  Here, Nexus's complaint entirely fails to allege any supporting facts whatsoever, much less ones that would make it plausible that Mr. DeLozier himself (rather than his former employer C&J) "used and/or sold" the GameChanger product. Instead, all of Nexus's allegations relating to the use or sale of the accused GameChanger product focus squarely on the activity of C&J:

> Later, NEXUS learned that C&J, without ever having delivered the promised business, came out (circa July 2018) with an electromechanically connected perf gun assembly called the "GameChanger™ Perforating System." […] Sergio discovered GameChanger™ because it was put on display by C&J at a Galveston Convention.

Dkt. 17 at ¶ 15 (citations omitted).

But Mr. DeLozier is entitled to notice of how Nexus contends that he, personally, has infringed Nexus's patent rights.  Nexus acknowledges that the GameChanger is the product and property of C&J (now NexTier), and thus it is unclear what specific allegation Nexus has with respect to Mr. DeLozier.  Indeed, this is doubly important here given that Mr. DeLozier left C&J in June of 2019, before the July 16, 2019 issuance date of the '136 Patent.  *See* Dkt. 17 at Ex. A (stating that the patent issued on July 16, 2019).  As a result, not only are more specific allegations required under the law, but they are critical to Mr. DeLozier's ability to move for summary judgment and to seek an exceptional case finding.  Simply put: if all of

4

Nexus's factual allegations against Mr. DeLozier concern pre-issuance activity, then Nexus has no good faith basis to accuse him of infringing the '136 Patent. *See Chimie v. PPG Industries, Inc.*, 402 F.3d 1371, 1382 (Fed. Cir. 2005) ("a patent cannot be infringed by acts done before its issuance"); *see also* 35 U.S.C. § 271(a) (providing that "…whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention ***during the term of the patent therefor***, infringes the patent") (emphasis added).

Accordingly, Nexus's refusal to provide its factual allegations are not mere oversight but serve to obstruct Mr. DeLozier's ability to pursue his defenses in this case. For the above reasons, the Court should dismiss Counts I and II of Nexus's Amended Complaint as they pertain to Mr. DeLozier.

## **Breach of Contract (Count V)**

Nexus also seeks to significantly expand the parties' dispute by adding eight new counts in its Amended Complaint, all of which are outside the scope of discussion and permission granted in the meet-and-confer between Nexus and Mr. DeLozier. These new claims are all variations on a new allegation that Nexus and C&J had a "mutual understanding" that C&J would pay Nexus for its patented technology by purchasing parts from Nexus. *See, e.g.*, Dkt. 17 at ¶ 45. Count V (Breach of Contract), which is representative of these new claims, alleges that "C&J breached express and/or implied contracts with Nexus." *Id.* at ¶ 44. However, Nexus does not identify any of these alleged "express and/or implied contracts," any of the specific terms that Nexus alleges were breached by C&J, or even whether this alleged "mutual understanding" is reflected in an actual writing signed by C&J. As a result, Nexus's claim for

5

breach of contract is facially deficient in that it does not provide any information, disclosure or factual basis for any alleged breach of any alleged contract.

Moreover, Nexus's failure to plead an actual signed contract is, on its face, fatal to Nexus's claim for breach of contract.  Under the Statute of Frauds, "a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought." Tex. Bus. & Com. Code § 2.201.  Nexus's failure to allege a specific pricing term cannot save its alleged contract from meeting the $500 threshold for the Statute of Frauds.  In such situations, Texas courts look to the circumstances of the alleged contract and the dealings between the parties to make this determination.  *See Hammonds v. Calhoun Dist.*, 584 S.W.2d 473, 474 (Tex. Civ. App. 1979) (*writ refused NRE*) (determining that an alleged contract met the $500 threshold without an express pleading of the pricing term); *see also Sunshine Traders of El Paso, Inc. v. DolgenCorp, Inc.*, No. EP-02-CA-439-DB, 2005 WL 1009590, at *6 (W.D. Tex. Mar. 29, 2005) (same).  Here, Nexus's own allegation that the parties agreed on "forthcoming part orders to retrofit 15,000 guns per month for the upcoming 2018 year" suggests that the alleged contract—if it actually existed—would have had a total value of $500 or more.  Under the law, the Court can make this determination as a matter of law.  *Pub. Health Equip. v. Clarke Mosquito*, 410 Fed.Appx. 738, 741, 2010 WL 5023234, at *3 (5th Cir. 2010) ("whether a contract falls into the statute of frauds is a question of law").

Based on the above, the Court should dismiss Nexus's claim for breach of contract. Not only is it facially deficient and fails to inform Defendants of the substance of Nexus's

allegation (including the identity of any alleged contract and the specific terms that are alleged to have been breached), but any such contract would be categorically unenforceable under the Statute of Frauds if not contained in an actual signed writing.  Indeed, the whole purpose of the Statute of Frauds is to prevent a party like Nexus from imposing significant costs and burdens on another to defend against a nonexistent contract.

### Common Law Fraud (Count III)

Nexus's claim for common law fraud is a mere re-packaging of its claim for breach of contract, designed to sidestep the fact that there was no contract between the parties.  As with its claim for breach of contract, Nexus fails to allege facts adequate to support its newly added claim for fraud, particularly considering the heightened pleading standard of Rule 9(b).  "The Fifth Circuit interprets Rule 9(b) to require 'specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent.' "" *Hudgens v. Allstate Texas Lloyd's*, 2011 WL 6012602, at *3 (S.D.Tex.,2011) (citing *Plotkin v. IP Axess, Inc.,* 407 F.3d 690, 696 (5th Cir.2005)).  Nexus does not provide any specificity as to the allegedly fraudulent statements that C&J made or how they were fraudulent.  Accordingly, Nexus's claim for fraud fails to meet the heightened pleading standard under the law and should be dismissed.

### Promissory Estoppel (Count VIII)

As with its fraud claim, Nexus's claim for promissory estoppel is simply an attempt to re-package its claim for breach of contract to avoid the Statute of Frauds.  But promissory estoppel is only a narrow exception to the Statute of Frauds, and the exception does not apply here.  To properly state a claim for promissory estoppel where there is no signed writing, "the

7

plaintiff must allege facts showing that 'the defendant promised to sign an agreement satisfying the statute of frauds.'" *Cavil v. Trendmaker Homes, Inc.,* Civ. A. No. G-10-304, 2012 WL 170751, *7 (S.D. Tex. Jan.19, 2012) (citing *"Moore" Burger, Inc. v. Phillips Pet. Co.,* 492 S.W.2d 934, 937 (Tex. 1972), *appeal dism'd,* No. 12-40195 (5th Cir. May 10, 2012)).  The Amended Complaint contains no such allegation, let alone any facts supporting the requirement that Defendants promised to sign a written agreement.  Accordingly, the Court should dismiss Nexus's claim for promissory estoppel.

<u>**Negligent Misrepresentation (Count IV)**</u>

Nexus fails to allege a representation adequate to support a cause of action for negligent misrepresentation.  With respect to this count, Nexus alleges in its Amended Complaint that "DeLozier made false representations that C&J would conduct future business with Nexus in exchange for valuable information on Nexus technological improvements, patent pending technology, and engineering experience."  Dkt. 17 at ¶ 40.  However, under Texas law, "the misrepresentation at issue must be one of existing fact." *BCY Water Supply Corp. v. Residential Invs., Inc.,* 170 S.W.3d 596, 603 (Tex. App.—Tyler 2005, pet. denied). "A promise to do or refrain from doing an act in the future is not actionable." *Id.*; *see also Scherer v. Angell,* 253 S.W.3d 777, 781 (Tex. App.—Amarillo 2007, no pet.).  Accordingly, even if true—which it is not— there is nothing actionable about the alleged statement that "C&J would conduct future business with NEXUS."  Dkt. 17 at ¶ 40.  Accordingly, the Court should dismiss Nexus's claim.

### Quantum Meruit (Count IV)

Nexus's claim for quantum meruit is another repackaging of its claim for breach of contract. Specifically, for this count, Nexus asserts that "Defendants knew that Plaintiff expected compensation" and that "Plaintiff was to be compensated in the form of part orders and business relationships." Dkt. 17 at ¶ 52. However, under the law, this claim must fail because "the general rule in Texas appears to be that quantum meruit cannot be based upon a future business opportunity." *Terra Nova Sciences, LLC v. JOA Oil & Gas Houston, LLC*, 738 F. Supp. 2d 689, 697 (S.D. Tex. 2010); *see also LTS Group, Inc. v. Woodcrest Capital, L.L.C.*, 222 S.W.3d 918, 921 (Tex. App. — Dallas 2007, no pet.) ("expectation of a future business advantage or opportunity cannot form the basis of a cause of action for quantum meruit"); *Richter v. Wagner Oil Co.*, 90 S.W.3d 890, 895 (Tex. App. — San Antonio 2002, no pet.); *see also Internacional Realty, Inc. v. Ferrari*, 2009 WL 68853, at *2 (Jan. 7, 2009 W.D. Tex). Moreover, as to the compensation for the parts that C&J used, Nexus's own Amended Complaint states that C&J **purchased** those parts from Nexus. *See* Dkt. 17 at ¶ 13. As a result, the only "compensation" that Nexus contends was denied by Defendants is an alleged promise of future business, which cannot support a claim for quantum meruit under the law. Accordingly, the Court should dismiss this claim.

### Common Law Misappropriation (Count V)

Nexus's claim for common law misappropriation fails because Nexus does not include an allegation as to what the Defendants are accused of misappropriating or how it was misappropriated. The Amended Complaint vaguely mentions "Plaintiff designed parts for improving Defendant's perforation guns," but Nexus does not identify what these "parts" are

9

or how Defendants "misappropriated" these parts.  Dkt. 17 at ¶ 58.  Further, Nexus's allegation that "compensation was never provided," while unclear, is contradicted by an earlier paragraph of Nexus's own complaint, which states that "C&J *purchased* small orders of parts" from Nexus.  *Id.* at ¶ 13 (emphasis added).

The vagueness of Nexus's allegations makes it impossible to analyze this claim, but to the extent that the subject of the misappropriation is alleged to be a trade secret, it must fail as a matter of law because the common law tort has been displaced by the Texas Uniform Trade Secret Act of 2013.  *BHL Boresight, Inc. v. Geo-Steering Sols., Inc.*, No. 4:15-CV-00627, 2017 WL 2730739, at *11 (S.D. Tex. June 26, 2017) (citing *In re Mandel*, 578 Fed. App'x 376, 384 n.8 (5th Cir. 2014)).  And through the same logic, if the subject of misappropriation is alleged to be an invention, this claim must fail as a matter of law because it has been preempted by the Patent Act.  Likewise, to the extent the subject of misappropriation is alleged to be a work of authorship, this claim must fail as a matter of law because it has been preempted by the Copyright Act.  *See Worth Beauty LLC v. Allstar Prods. Grp., LLC*, No. 4:17-CV-1682, 2017 WL 5300007, at *11 (S.D. Tex. Nov. 13, 2017) ("In cases where the intellectual property at issue is within the subject matter of copyright, the Fifth Circuit has repeatedly held that a cause of action for misappropriation under Texas law" is preempted by the Copyright Act); *see also Vest Safety Med. Servs. v. Arbor Envtl., LLC*, No. CV H-20-0812, 2020 WL 4003642, at *5 (S.D. Tex. July 15, 2020).  Accordingly, not only does Nexus's Amended Complaint fail to put Defendants on notice of its misappropriation claim, but the lack of detail serves to obstruct any determination of whether this claim is preempted under the law.  As a result, the Court should dismiss this claim.

## Civil Conspiracy (Count VI)

Nexus's claim of civil conspiracy also must fail.  Specifically, Nexus alleges that "DeLozier and C&J conspired to trick Nexus into disclosing its proprietary know-how and into developing parts that would implement the '136 Patent technology."  Dkt. 17 at ¶ 13. However, all of the Defendants were members of the same collective entity during the time of the alleged facts.  Nexus's own Amended Complaint recognizes that Mr. DeLozier was an employee of C&J and that C&J subsequently merged into the entity that is now called NexTier. Dkt. 17 at ¶¶ 12 and 18.  Under the law, "where all of the defendants are members of the same collective entity, no claim of conspiracy can be sustained against them." *Reynosa v. Wood*, 134 F.3d 369, at *2 (5th Cir. 1997) (citing *Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994)) (the general rule is that the acts of an agent are the acts of the corporation; thus, a "corporation cannot conspire with itself any more than a private individual can"); *see also*, *Chambliss v. Foote*, 421 F. Supp. 12, 15 (E.D. La. 1976) (university and its officials), *aff'd*, 562 F.2d 1015 (5th Cir. 1977)); *Lafleur v. McClelland*, No. 4:13-CV-425, 2013 WL 5148181, at *3 (S.D. Tex. Sep. 11, 2013) (granting a motion to dismiss under Rule 12(b)(6) on the grounds that the allege co-conspirators were employees of the City of Houston Police Department conducting a government operation).  As a result, by operation of the law, the Defendants cannot "conspire" because they are all part "of the same collective entity" and this claim should be dismissed.

## Respondeat Superior (Count VII)

Nexus also includes a count of *respondeat superior* as a cause of action, but *respondeat superior* "is not, in and of itself, a cause of action."  *See Turner v. Upton County*, 915 F.2d 133, 138

n.7 (5th Cir. 1990). As such, this count cannot stand on its own. To the extent that the court does consider this a standalone cause of action, our arguments against misappropriation above apply.

## CONCLUSION

In its Original Complaint, Nexus accused NexTier (formerly C&J) of infringing the '136 Patent through its manufacture, sale and use of the GameChanger product. Although NexTier disputes these claims, the above Motion does not seek to disrupt or dismiss Nexus's allegations of patent infringement against NexTier. Instead, Defendants originally met-and-conferred with Nexus because Mr. DeLozier was entitled to know in what capacity Nexus contended that he personally had infringed the '136 Patent. Rather than amend its complaint to provide this required information, Nexus now seeks to take advantage of the Court's standing meet-and-confer process by injecting 8 new causes of action into this case. For all the reasons above, each of Nexus's attempts to expand the case fails to adequately plead a recognized cause of action under the law. Accordingly, the Court should grant the above Motion to Dismiss by dismissing the eight new counts as to all Defendants and, in addition, the patent infringement and willful infringement claims as they pertain to Mr. DeLozier as an individual. In short, Defendants merely seek to revert the state of this case back to the actual dispute presented in Nexus's Original Complaint: a patent infringement suit against NexTier.

Dated: August 25, 2020

Respectfully submitted,

**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, P.C.**

*/s/ Amir Alavi*
Amir Alavi
Texas Bar No. 00793239
aalavi@azalaw.com
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@azalaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@azalaw.com
Monica Moussighi
Texas State Bar No. 24074767
mmoussighi@azalaw.com
1221 McKinney Street, Suite 2500
Houston, TX 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062

**ATTORNEYS FOR DEFENDANTS C&J ENERGY SERVICES, INC., NEXTIER OILFIELD SOLUTIONS, INC. and STEVE DELOZIER**

13

## CERTIFICATE OF SERVICE

I hereby certify that on the August 25, 2020, a copy of the foregoing was served on the following party electronically through the U.S. District Court, Southern District of Texas ECF system to all counsel of record, all of whom are Filing Users of the Court's Electronic Filing System.

/s/ Amir Alavi
Amir Alavi

## CERTIFICATE OF CONFERENCE

I hereby certify that on July 21, 2020 and on August 25, 2020, I conferred via telephone with counsel for Plaintiff in attempt to resolve the issues raised herein. Those attempts were unsuccessful. Plaintiff's counsel opposes the present motion.

/s/ Amir Alavi
Amir Alavi

14