# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTERN DISTRICT OF TEXAS
## HOUSTON DIVISION

**NEXUS PERFORATING LLC**

    *Plaintiffs*,

v.

**C&J ENERGY SERVICES, INC.,** a Delaware Corporation; **NEXTIER OILFIELD SOLUTIONS INC.,** a Delaware Corporation; & **STEVE DELOZIER,** an Individual.

    *Defendants.*

Case No. 4:20-CV-01539

J<small>URY</small> T<small>RIAL</small> D<small>EMANDED</small>

---

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIMS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

---

# TABLE OF CONTENTS

FACTUAL BACKGROUND ...............................................................................................1

ISSUES REQUIRING RESOLUTION ..............................................................................3

ARGUMENT .........................................................................................................................3

      Breach of Contract (Count 5) ....................................................................................3

      Common Law Fraud (Count 3) .................................................................................5

      Promissory Estoppel (Count 9) .................................................................................6

      Negligent Misrepresentation (Count 4) ....................................................................6

      Quantum Meruit (Count 6) ........................................................................................7

      Common Law Misappropriation (Count 7) ..............................................................8

      Civil Conspiracy (Count 8) ........................................................................................9

CONCLUSION ...................................................................................................................10

CERTIFICATE OF CONFERENCE ................................................................................13

CERTIFICATE OF SERVICE ..........................................................................................13

# **TABLE OF AUTHORITIES**

**Cases**

*"Moore" Burger, Inc. v. Phillips Pet. Co.,*
 492 S.W.2d 934 (Tex. 1972), *appeal dism'd,* No. 12-40195 (5th Cir. May 10, 2012) ................6

*BCY Water Supply Corp. v. Residential Invs., Inc.,*
 170 S.W.3d 596 (Tex. App.—Tyler 2005, pet. denied) ..............................................................7

*BHL Boresight, Inc. v. Geo-Steering Sols., Inc.,*
 2017 WL 2730739 (S.D. Tex. June 26, 2017) .............................................................................8

*Cavil v. Trendmaker Homes, Inc.,* Civ. A.
 2012 WL 170751 (S.D. Tex. Jan.19, 2012)..................................................................................6

*Chambliss v. Foote,*
 421 F. Supp. 12 (E.D. La. 1976)................................................................................................10

*Chimie v. PPG Industries Inc.,*
 402 F.3d 1371 (Fed. Cir. 2005)...................................................................................................1

*Cinel v. Connick,*
 15 F.3d 1338 (5th Cir. 1994).......................................................................................................3

*Federal Land Bank Ass'n of Tyler v. Sloane,*
 825 S.W.2d 439 (Tex. 1991).......................................................................................................6

*Hammonds v. Calhoun Dist.,*
 584 S.W.2d 473 (Tex. Civ. App. 1979).......................................................................................4

*Hilliard v. Ferguson,*
 30 F.3d 649 (5th Cir. 1994).......................................................................................................10

*Hudgens v. Allstate Texas Lloyd's,*
 2011 WL 6012602 (S.D.Tex.,2011)............................................................................................5

*In re Mandel,*
 578 Fed. App'x 376 (5th Cir. 2014) ............................................................................................8

*Internacional Realty, Inc. v. Ferrari,*
 2009 WL 68853 (Jan. 7, 2009 W.D. Tex) ...................................................................................8

*Lafleur v. McClelland*,
  2013 WL 5148181 (S.D. Tex. Sep. 11, 2013) ............................................................................ 10

*LTS Group, Inc. v. Woodcrest Capital, L.L.C.*,
  222 S.W.3d 918 (Tex. App. — Dallas 2007, no pet.) ................................................................ 7

*Plotkin v. IP Axess, Inc.*,
  407 F.3d 690 (5th Cir.2005) ...................................................................................................... 5

*Pub. Health Equip. v. Clarke Mosquito*,
  410 Fed.Appx. 738, 2010 WL 5023234 (5th Cir. 2010) ........................................................... 5

*Reynosa v. Wood*,
  134 F.3d 369 (5th Cir. 1997) .................................................................................................... 10

*Richter v. Wagner Oil Co.*,
  90 S.W.3d 890 (Tex. App. — San Antonio 2002, no pet.) ........................................................ 8

*Scherer v. Angell*,
  253 S.W.3d 777 (Tex. App.—Amarillo 2007, no pet.) .............................................................. 7

*Sunshine Traders of El Paso, Inc. v. DolgenCorp, Inc.*,
  2005 WL 1009590 (W.D. Tex. Mar. 29, 2005) ......................................................................... 4

*Terra Nova Sciences, LLC v. JOA Oil & Gas Houston, LLC*,
  738 F. Supp. 2d 689 (S.D. Tex. 2010) ....................................................................................... 7

*Vest Safety Med. Servs. v. Arbor Envtl., LLC*,
  2020 WL 4003642 (S.D. Tex. July 15, 2020) ........................................................................... 9

*Weakly v. East*,
  900 S.W.2d 755 (Tex. App. 1995) ............................................................................................. 6

*Worth Beauty LLC v. Allstar Prods. Grp., LLC*,
  2017 WL 5300007 (S.D. Tex. Nov. 13, 2017) .......................................................................... 9

**Rules and Statutes**

Tex. Bus. & Com. Code § 2.201 ................................................................................................................9

Federal Rule of Civil Procedure 12(b)(6) ........................................................................................ 5, 8

Federal Rule of Civil Procedure 9(b) ......................................................................................................10

Rule 12(b)(6) ..............................................................................................................................................15

Texas Uniform Trade Secret Act of 2013 ............................................................................................13

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants NexTier Oilfield Solutions Inc. and C&J Energy Services, Inc. ("C&J") (collectively, "NexTier") and Defendant Steven DeLozier ("Mr. DeLozier"), by and through their undersigned counsel, file this Motion to Dismiss the Second Amended Complaint of Plaintiff Nexus Perforating LLC ("Nexus") (Dkt. No. 38). Specifically, Defendants move to dismiss the counts detailed below against all Defendants.

## FACTUAL BACKGROUND

On April 30, 2020, Nexus filed its Original Complaint against NexTier alleging a single claim for patent infringement. Specifically, Nexus alleged that NexTier infringes U.S. Patent No. 10,352,136 ("the '136 Patent") by making, using, selling, or offering for sale a perforating gun product called the GameChanger. As part of its claim, Nexus also named Mr. DeLozier, a former employee of C&J, as a defendant.

However, Nexus failed to provide any allegation as to how Mr. DeLozier—who left C&J in June of 2019, before the '136 Patent issued on July 16, 2019—infringed Nexus's patent under the law. Instead, Nexus merely asserted in its Original Complaint that "Defendants directly infringed and continue to infringe the '136 Patent by making, using, selling and/or offering for sale" the GameChanger product. *See* Dkt. 1 at ¶ 7.

Given that a patent cannot be infringed before it has been issued by the United States Patent and Trademark office, *see Chimie v. PPG Industries Inc.*, 402 F.3d 1371, 1382 (Fed. Cir. 2005)—and given that Mr. DeLozier left C&J before the '136 Patent had ever issued—Mr. DeLozier's counsel prepared a motion to dismiss on the basis that Nexus's Original Complaint

1

failed to adequately allege how Mr. DeLozier, as an individual, infringed any patent rights belonging to Nexus.

On July 21, 2020, as required by this Court's standing rules, Mr. DeLozier's counsel met-and-conferred with Nexus's counsel. During this meet-and-confer, Nexus represented that it would either withdraw its claim against Mr. DeLozier or, alternatively, amend its complaint against Mr. DeLozier to satisfy the pleading standard. Based on these representations, counsel did not file a motion on behalf of Mr. DeLozier, believing that the issue had been fully resolved.

Contrary to those representations, however, on August 4, 2020, Nexus filed an Amended Complaint (Dkt. No. 17) that neither withdrew nor supported its claim of patent infringement against Mr. DeLozier. Instead, Nexus doubled-down on its conclusory allegations of infringement, asserting that Mr. DeLozier infringed the '136 Patent "because he used and/or sold the patented technology he misappropriated, he knew about the patent, and on information and belief, received some form of remuneration or compensation for delivering the misappropriated technologies to C&J," all based on alleged activities that occurred before the '136 Patent ever issued. *See* Dkt. 17 at ¶ 22. Even more problematic, Nexus went far beyond what the parties agreed to during their meet-and-confer by adding 8 new claims, including additional claims against NexTier. Instead of resolving the issues that the parties discussed during the meet-and-confer process, Nexus's actions sought to thwart the goal of the Court's standing rules and increase the costs of litigation by pleading a host of new claims that are deficient on their face. Defendants responded by filing a Motion to

Dismiss Plaintiff's Claims under Federal Rule of Civil Procedure 12(b)(6) based on the original flaws and on the numerous deficiencies in the hastily-added claims. Dkt. 24.

Plaintiff has now filed a Second Amended Complaint (Dkt. No. 38), inserting a few new allegations but also removing Mr. DeLozier from the accusations of patent infringement and striking the claim for Respondeat Superior. While these new amendments cure one of the deficiencies in the Original Complaint and one of the deficiencies added by amendment to the First Amended Complaint, the majority of the flaws still stand. For the reasons discussed below, the Court should grant Defendants' Motion to Dismiss with respect to the specified claims.

## ISSUES REQUIRING RESOLUTION

In addition to its original claims of Patent Infringement and Willful Infringement, Nexus has added new claims for: Breach of Contract, Common Law Fraud, Promissory Estoppel, Negligent Misrepresentation, Quantum Meruit, Common Law Misappropriation, and Civil Conspiracy. Defendants challenge the new claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The 5th Circuit reviews a Rule 12(b)(6) dismissal *de novo. Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994).

## ARGUMENT

### Breach of Contract (Count 5)

Nexus seeks to significantly expand the parties' dispute by adding seven new counts in its Second Amended Complaint relative to its Original Complaint. These new claims are all variations on a new allegation that Nexus and C&J had a "mutual understanding" that C&J

3

would pay Nexus for its patented technology by purchasing parts from Nexus. *See, e.g.*, Dkt. 38 at ¶ 43. Count 5 (Breach of Contract), which is representative of these new claims, alleges that "C&J breached express and/or implied contracts with Nexus." *Id.* at ¶ 42. However, Nexus does not identify any of these alleged "express and/or implied contracts," any of the specific terms that Nexus alleges were breached by C&J, or even whether this alleged "mutual understanding" is reflected in an actual writing signed by C&J. As a result, Nexus's claim for breach of contract is facially deficient in that it does not provide any information, disclosure or factual basis for any alleged breach of any alleged contract.

Moreover, Nexus's failure to plead an actual signed contract is, on its face, fatal to Nexus's claim for breach of contract. Under the Statute of Frauds, "a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought." Tex. Bus. & Com. Code § 2.201. Nexus's failure to allege a specific pricing term cannot save its alleged contract from meeting the $500 threshold for the Statute of Frauds. In such situations, Texas courts look to the circumstances of the alleged contract and the dealings between the parties to make this determination. *See Hammonds v. Calhoun Dist.*, 584 S.W.2d 473, 474 (Tex. Civ. App. 1979) (*writ refused NRE*) (determining that an alleged contract met the $500 threshold without an express pleading of the pricing term); *see also Sunshine Traders of El Paso, Inc. v. DolgenCorp, Inc.*, No. EP-02-CA-439-DB, 2005 WL 1009590, at *6 (W.D. Tex. Mar. 29, 2005) (same). Here, Nexus's own allegation that the parties agreed on "forthcoming part orders to retrofit 15,000 guns per month for the upcoming 2018 year," Dkt. 38 at ¶ 14, suggests that the alleged contract—if it

4

actually existed—would have had a total value of $500 or more. The Court can make this determination as a matter of law. *Pub. Health Equip. v. Clarke Mosquito*, 410 Fed.Appx. 738, 741, 2010 WL 5023234, at *3 (5th Cir. 2010) ("whether a contract falls into the statute of frauds is a question of law").

Based on the above, the Court should dismiss Nexus's claim for breach of contract. Not only is it facially deficient and fails to inform Defendants of the substance of Nexus's allegation (including the identity of any alleged contract and the specific terms that are alleged to have been breached), but any such contract would be categorically unenforceable under the Statute of Frauds if not contained in an actual signed writing. Indeed, the whole purpose of the Statute of Frauds is to prevent a party like Nexus from imposing significant costs and burdens on another to defend against a nonexistent contract.

## **Common Law Fraud (Count 3)**

Nexus's claim for common law fraud is a mere re-packaging of its claim for breach of contract, designed to sidestep the fact that there was no contract between the parties. As with its claim for breach of contract, Nexus fails to allege facts adequate to support its newly added claim for fraud, particularly considering the heightened pleading standard of Rule 9(b). "The Fifth Circuit interprets Rule 9(b) to require 'specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent.' " *Hudgens v. Allstate Texas Lloyd's*, 2011 WL 6012602, at *3 (S.D.Tex.,2011) (citing *Plotkin v. IP Axess, Inc.,* 407 F.3d 690, 696 (5th Cir.2005)). Nexus does not provide any specificity as to the allegedly fraudulent statements that C&J made or

5

how they were fraudulent. Accordingly, Nexus's claim for fraud fails to meet the heightened pleading standard under the law and should be dismissed.

## **Promissory Estoppel (Count 9)**

As with its fraud claim, Nexus's claim for promissory estoppel is simply an attempt to re-package its claim for breach of contract to avoid the Statute of Frauds. But promissory estoppel is only a narrow exception to the Statute of Frauds, and the exception does not apply here. To properly state a claim for promissory estoppel where there is no signed writing, "the plaintiff must allege facts showing that 'the defendant promised to sign an agreement satisfying the statute of frauds.'" *Cavil v. Trendmaker Homes, Inc.,* Civ. A. No. G-10-304, 2012 WL 170751, *7 (S.D. Tex. Jan.19, 2012) (citing *"Moore" Burger, Inc. v. Phillips Pet. Co.,* 492 S.W.2d 934, 937 (Tex. 1972), *appeal dism'd,* No. 12-40195 (5th Cir. May 10, 2012)). The Second Amended Complaint contains no such allegation, let alone any facts supporting the requirement that Defendants promised to sign a written agreement. Accordingly, the Court should dismiss Nexus's claim for promissory estoppel.

## **Negligent Misrepresentation (Count 4)**

Nexus's claim for negligent misrepresentation is another attempt to re-package its claim for breach of contract to avoid the Statute of Frauds. But "a claim for negligent misrepresentation may not be used to circumvent the statute of frauds." *Federal Land Bank Ass'n of Tyler v. Sloane,* 825 S.W.2d 439, 442 (Tex. 1991); *see also Weakly v. East*, 900 S.W.2d 755, 759 (Tex. App. 1995) ("Even if the Weaklys justifiably relied on East's statement that he would purchase their property, they are precluded from proving that East agreed to do so because of the statute of frauds."). As such, this claim must fail.

Additionally, Nexus fails to allege a representation adequate to support a cause of action for negligent misrepresentation. With respect to this count, Nexus alleges in its Amended Complaint that "DELOZIER made false representations, as a representative of C&J, that NEXUS would be compensated in exchange for their access to valuable information on NEXUS technological improvements, patent pending technology, and engineering experience." Dkt. 38 at ¶ 38. However, under Texas law, "the misrepresentation at issue must be one of existing fact." *BCY Water Supply Corp. v. Residential Invs., Inc.*, 170 S.W.3d 596, 603 (Tex. App.—Tyler 2005, pet. denied). "A promise to do or refrain from doing an act in the future is not actionable." *Id.*; *see also Scherer v. Angell*, 253 S.W.3d 777, 781 (Tex. App.—Amarillo 2007, no pet.). Accordingly, even if true—which it is not—there is nothing actionable about the alleged statement that C&J would conduct future business with NEXUS. Accordingly, the Court should dismiss Nexus's claim.

## Quantum Meruit (Count 6)

Nexus's claim for quantum meruit is another repackaging of its claim for breach of contract. Specifically, for this count, Nexus asserts that "Defendants knew that PLAINTIFF expected compensation" and that "PLAINTIFF was to be compensated in the form of part orders and business relationships." Dkt. 38 at ¶ 50. However, under the law, this claim must fail because "the general rule in Texas appears to be that quantum meruit cannot be based upon a future business opportunity." *Terra Nova Sciences, LLC v. JOA Oil & Gas Houston, LLC*, 738 F. Supp. 2d 689, 697 (S.D. Tex. 2010); *see also LTS Group, Inc. v. Woodcrest Capital, L.L.C.*, 222 S.W.3d 918, 921 (Tex. App. — Dallas 2007, no pet.) ("expectation of a future business advantage or opportunity cannot form the basis of a cause of action for quantum meruit");

7

*Richter v. Wagner Oil Co.*, 90 S.W.3d 890, 895 (Tex. App. — San Antonio 2002, no pet.); *see also Internacional Realty, Inc. v. Ferrari*, 2009 WL 68853, at *2 (Jan. 7, 2009 W.D. Tex). Moreover, with respect to the parts that C&J actually used, C&J already provided compensation— Nexus's own Second Amended Complaint acknowledges that C&J **purchased** those parts from Nexus. *See* Dkt. 38 at ¶ 13. As a result, the only "compensation" that Nexus contends was denied by Defendants is an alleged promise of future business, which cannot support a claim for quantum meruit under the law. Accordingly, the Court should dismiss this claim.

## Common Law Misappropriation (Count 7)

Nexus's claim for common law misappropriation fails because Nexus does not include an allegation as to what the Defendants are accused of misappropriating or how it was misappropriated. The Second Amended Complaint vaguely mentions that "PLAINTIFF designed parts for improving DEFENDANT'S perforation guns," but Nexus does not identify what these "parts" are or how Defendants "misappropriated" these parts. Dkt. 38 at ¶ 56. Further, Nexus's allegation that "compensation was never provided," while unclear, is contradicted by an earlier paragraph of Nexus's own complaint, which states that "C&J **purchased** small orders of parts" from Nexus. *Id.* at ¶ 13 (emphasis added).

The vagueness of Nexus's allegations makes it impossible to analyze this claim, but to the extent that the subject of the misappropriation is alleged to be a trade secret, it must fail as a matter of law because the common law tort has been displaced by the Texas Uniform Trade Secret Act of 2013. *BHL Boresight, Inc. v. Geo-Steering Sols., Inc.*, No. 4:15-CV-00627, 2017 WL 2730739, at *11 (S.D. Tex. June 26, 2017) (citing *In re Mandel*, 578 Fed. App'x 376, 384 n.8 (5th Cir. 2014)). Likewise, if the subject of misappropriation is alleged to be an invention, this

claim must fail as a matter of law because it has been preempted by the Patent Act. *Motion Med. Techs., L.L.C. v. ThermoTek, Inc.*, 875 F.3d 765, 772-73 (5th Cir. 2017). And finally, to the extent the subject of misappropriation is alleged to be a work of authorship, this claim must fail as a matter of law because it has been preempted by the Copyright Act. *See Worth Beauty LLC v. Allstar Prods. Grp., LLC*, No. 4:17-CV-1682, 2017 WL 5300007, at *11 (S.D. Tex. Nov. 13, 2017) ("In cases where the intellectual property at issue is within the subject matter of copyright, the Fifth Circuit has repeatedly held that a cause of action for misappropriation under Texas law" is preempted by the Copyright Act); *see also Vest Safety Med. Servs. v. Arbor Envtl., LLC*, No. CV H-20-0812, 2020 WL 4003642, at *5 (S.D. Tex. July 15, 2020). Accordingly, not only does Nexus's Amended Complaint fail to put Defendants on notice of its misappropriation claim, but the lack of detail serves to obstruct any determination of whether this claim is preempted under the law. As a result, the Court should dismiss this claim.

### Civil Conspiracy (Count 8)

Nexus's claim of civil conspiracy also must fail. Specifically, Nexus alleges that "DELOZIER and C&J conspired to trick NEXUS into disclosing its proprietary know-how and into developing parts that would implement the '136 Patent technology." Dkt. 38 at ¶ 60. However, all of the Defendants were members of the same collective entity during the time of the alleged events. Nexus's own Second Amended Complaint recognizes that Mr. DeLozier was an employee of C&J and that C&J subsequently merged into the entity that is now called NexTier. Dkt. 38 at ¶¶ 12 and 18. Nexus further alleges that "at all relevant times, DELOZIER was acting in the course and scope of his position as an employee with C&J."

9

*Id.* At ¶ 12. Under the law, "where all of the defendants are members of the same collective entity, no claim of conspiracy can be sustained against them." *Reynosa v. Wood*, 134 F.3d 369, at *2 (5th Cir. 1997) (citing *Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994)) (the general rule is that the acts of an agent are the acts of the corporation; thus, a "corporation cannot conspire with itself any more than a private individual can"); *see also*, *Chambliss v. Foote*, 421 F. Supp. 12, 15 (E.D. La. 1976) (university and its officials), *aff'd*, 562 F.2d 1015 (5th Cir. 1977)); *Lafleur v. McClelland*, No. 4:13-CV-425, 2013 WL 5148181, at *3 (S.D. Tex. Sep. 11, 2013) (granting a motion to dismiss under Rule 12(b)(6) on the grounds that the alleged co-conspirators were employees of the City of Houston Police Department conducting a government operation). As a result, by operation of the law, the Defendants cannot "conspire" because they are all part "of the same collective entity" and this claim should be dismissed.

## CONCLUSION

In its Original Complaint, Nexus accused NexTier (formerly C&J) of infringing the '136 Patent through its manufacture, sale and use of the GameChanger product. Although NexTier disputes these claims, the above Motion does not seek to disrupt or dismiss Nexus's allegations of patent infringement against NexTier. Instead, Defendants originally met-and-conferred with Nexus because Mr. DeLozier was entitled to know in what capacity Nexus contended that he personally had infringed the '136 Patent. Rather than amend its complaint to provide this required information, Nexus sought to take advantage of the Court's standing meet-and-confer process by injecting eight new causes of action into this case. While Nexus has since slightly pared back its allegations by filing the Second Amended Complaint, the

underlying flaws in the newly added causes of action still stand. For all the reasons above, each of Nexus's attempts to expand the case fails to adequately plead a recognized cause of action under the law. Accordingly, the Court should grant the above Motion to Dismiss by dismissing the seven new counts as to all Defendants. In short, Defendants merely seek to revert the state of this case back to the actual dispute presented in Nexus's Original Complaint: a patent infringement suit against NexTier.

Dated: September 29, 2020

Respectfully submitted,

**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, P.C.**

*/s/ Amir Alavi*
Amir Alavi
Texas Bar No. 00793239
aalavi@azalaw.com
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@azalaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@azalaw.com
Monica Moussighi
Texas State Bar No. 24074767
mmoussighi@azalaw.com
Colin Phillips
Texas State Bar No. 24105937
cphillips@azalaw.com
1221 McKinney Street, Suite 2500
Houston, TX 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062

**ATTORNEYS FOR DEFENDANTS
C&J ENERGY SERVICES, INC.,
NEXTIER OILFIELD SOLUTIONS, INC.
and
STEVE DELOZIER**

## CERTIFICATE OF CONFERENCE

I hereby certify that on July 21, 2020 and on August 25, 2020, I conferred via telephone with counsel for Plaintiff in attempt to resolve the issues raised herein. Those attempts were unsuccessful. Plaintiff's counsel opposes the present motion.

/s/ *Amir Alavi*
Amir Alavi

## CERTIFICATE OF SERVICE

I hereby certify that on the September 29, 2020, a copy of the foregoing was served on the following party electronically through the U.S. District Court, Southern District of Texas ECF system to all counsel of record, all of whom are Filing Users of the Court's Electronic Filing System.

/s/ *Amir Alavi*
Amir Alavi