# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| NEXUS PERFORATING LLC,    ) | |
|    ) | |
|      Plaintiff,    ) | |
|    ) | |
| v.    ) | |
|    ) | Civil Case No. 4:20-cv-01539 |
| C&J ENERGY SERVICES, INC., a    ) | |
| Delaware Corporation; NEXTIER    ) | **JURY TRIAL DEMANDED** |
| OILFIELD SOLUTIONS, INC., a    ) | |
| Delaware Corporation; and, STEVE    ) | |
| DELOZIER, an individual    ) | |
|    ) | |
|      Defendants.    ) | |
|    ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

## **TABLE OF CONTENTS**

I.    INTRODUCTION ....................................................................................................1

II.   STATEMENT OF THE NATURE AND STAGE OF PROCEEDING ...................1

III.  STATEMENT OF FACTS .....................................................................................2

IV.   ISSUES REQUIRING RESOLUTION AND STANDARD OF REVIEW.............4

V.    LEGAL AUTHORITY ..........................................................................................5

VI.   ARGUMENT .........................................................................................................5

      A.    Plaintiff has pled sufficient facts to support a claim for breach of contract because the Statute of Frauds does not apply because partial performance is an exception to the Statute of Frauds. .........................................................5

      B.    Plaintiff alleged sufficient facts to support a cause of action for common law fraud against Defendants. .....................................................................8

      C.    Plaintiff alleged sufficient facts to support a claim for promissory estoppel. ...........................................................................................................10

      D.    Plaintiff alleged sufficient facts to support a claim for negligent misrepresentation........................................................................................12

      E.    Plaintiff alleged sufficient facts to support a cause of action for quantum meruit...........................................................................................................13

      F.    Plaintiff alleged sufficient facts to support a cause of action for common law misappropriation. ...................................................................................15

      G.    Plaintiff alleged sufficient facts to support a claim for civil conspiracy.....16

VII.  CONCLUSION......................................................................................................16

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Alexander O&G, L.L.C. v. Nomad Land and Energy Resources, L.L.C.*,
    313 F.Supp. 3d 794 (S.D. Tex. 2018)..............................................................8, 11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...............................................................................5

*Bashara v. Baptist Mem'l Hops. Sys.*,
    685 S.W.2d 307 (Tex. 1985) ..................................................................13

*Bell Atl. Corp v. Twombly*,
    550 U.S. 544 (2007) ...............................................................................5

*Cinel v. Connick*,
    15 F.3d 1338 (5th Cir. 1994) ..................................................................5

*Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*,
    51 S.W.3d 573 (Tex. 2001). ...................................................................9

*Hill v. Shamoun & Norman, LLP*,
    544 S.W.3d 724 (Tex. 2018) ..................................................................14

*Hussong v. Schwan's Sales Enterprises, Inc.*,
    896 S.W.2d 320 (Tex. App. – Houston 1995)...........................................6

*In re Enron Corp. Securities, Derivative & ERISA Litigation*,
    623 F.Supp.2d 798 (S.D. Tex. 2009)..............................................12, 16

*In re Enron Corp. Securities, Derivative & ERISA Litigation*,
    762 F.Supp.2d 942 (S.D. Tex. 2010).....................................................12

*Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*,
    369 F.3d 464 (5th Cir. 2004). .......................................................2, 5, 7, 14

*McCartney v. First City Bank*,
    970 F.2d 45 (5th Cir. 1992) ...................................................................5

*McGraw v. Brown Realty Co.*,
    195 S.W.3d, 271 (Tex. App. - Dallas 2006)..........................................6

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

*MetroplexCore, L.L.C. v. Parsons Transp., Inc.*,
　　743 F.3d 964 (5th Cir. 2014) ................................................................ 10

*Motten v. Chase Home Fin.*,
　　831 F. Supp. 2d 988 (S.D. Tex. 2011) .................................................. 11

*Preston Exploration Co. v. Chesapeake Energy Corp.*,
　　Case No. H-08-3341, 2009 WL 6443108 (S.D. Tex. Nov. 3, 2009) ...................... 8

*Vertex Services, LLC v. Oceanwide Houston, Inc..*,
　　583 S.W.3d 841 (Tex. App. - Houston 2019) ....................................... 15

**Statutes**

Fed. R. Civ. P. 8(a)(3) ............................................................ 5, 12

Fed. R. Civ. P. 8(d)(2)-(3) ..................................................... 5, 11, 12

Tex. R. Civ. P. 48 .............................................................. 5, 12

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

## I.   <u>INTRODUCTION</u>

Plaintiff Nexus Perforating LLC ("Plaintiff" or "Nexus") submits this opposition to Defendants' motion to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6).   Defendants' motion to dismiss Plaintiff's claims for breach of contract, common law fraud, promissory estoppel, negligent misrepresentation, quantum meruit, common law misappropriation, and civil conspiracy should be denied because those causes of action have been adequately pled under Fed. R. Civ. P. 12(b)(6), *Iqbal*, and *Twombly*.

## II.   <u>STATEMENT OF THE NATURE AND STAGE OF PROCEEDING</u>

On April 30, 2020, Plaintiff Nexus Perforating LLC ("Plaintiff" or "Nexus") filed a complaint against Defendants C&J Energy Services, Inc., NexTier Oilfield Solutions, Inc., and, Steve DeLozier (collectively "Defendants") for patent infringement and willful infringement of U.S. Patent No. 10,352,136 ("the '136 patent").

Following a meet-and-confer with Defendants' counsel, and in an attempt to minimize motion practice, on August 4, 2020, Plaintiff filed its First Amended Complaint ("FAC") against Defendants alleging: (i) patent infringement; (ii) willful infringement; (iii) common law fraud; (iv) negligent misrepresentation; (v) breach of contract; (vi) quantum meruit; (vii) common law misappropriation; (viii) civil conspiracy; (ix) respondeat superior; and, (x) promissory estoppel.

On August 25, 2020, Defendants filed an answer and counterclaims to Plaintiff's FAC and a motion to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6).   After

meeting and conferring with Defendants again, on September 21, 2020, Plaintiff filed a Second Amended Complaint removing Mr. DeLozier from Plaintiff's claims of patent infringement and willful infringement and removing the claim for promissory estoppel. Again, this was done in an attempt to minimize motion practice and again narrow issues. Nonetheless, on September 29, 2020, Defendants filed its pending Motion to Dismiss.

## III.   STATEMENT OF FACTS

In this case, Plaintiff has now filed <u>three</u> extremely detailed complaints explaining its legal theories and operative facts.   The now pending Second Amended Complaint ("SAC") has been refined to plead each cause of action with specificity, which for 12(b)(6) purposes are to be resolved in favor of the Plaintiff.   *See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004).   Contrary to Defendants' assertion that Plaintiff is seeking to increase the costs of litigation, Plaintiff has actually been more than accommodating to try and put forth causes of action that have been pled in great detail.   Moreover, pursuant to <u>the parties'</u> proposed scheduling order, the "**[d]eadline for all parties to file amended pleadings"** is December 10, 2020. Dkt. No. 20-1, pg. 3; *see also* Dkt. No. 33-1, pg. 3.   Prior to this date, "**<u>it is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. (It will be necessary to file a Motion for Leave to Amend after this deadline."</u>** Dkt. No. 20-1, pg. 3 (emphasis added); *see also* Dkt. No. 33-1, pg. 3 (emphasis added).   Although the scheduling order has not been entered, the Court mentioned that "the Court will enter a scheduling and docket control order substantially in form to that submitted with 20 the JDCMP." Dkt. No. 28.   Therefore, Plaintiff is well within the window to amend its

pleadings and it was not necessary that Plaintiff's meet-and-confer with Defendants and request leave of the Court to file the SAC, but Plaintiff did so out of a courtesy to Defendants.  In its First Amended Complaint, Plaintiff added facts and causes of action to try and avoid a Rule 12(b)(6) motion and to avoid the necessity to file a complaint in state court for the state causes of action.  The Plaintiff then took Defendants' arguments into consideration and removed Mr. Delozier from patent infringement and willful infringement claims in the SAC and it also removed the cause of action for respondeat superior.  Plaintiff also added more facts to the Second Amended Complaint in an effort to avoid the need for a Rule 12(b)(6) motion, however, Defendants still filed a motion to dismiss in an attempt to argue the ultimate merits and facts of the case, rather than whether sufficient facts have been pled under *Iqbal* and *Twombly*.  Defendants' motion misses the mark on whether the pleadings are sufficient inasmuch as it essentially argues a motion for summary judgment on affirmative defenses that would not be appropriate until at least some discovery has been conducted.  Respectfully, the Defendants' motion also fails to acknowledge that the parties are permitted to plead legal causes of action in the alternative under Fed. R. Civ. P. 8(a)(3) and 8(d)(2)-(3).

By way of general background, and as set forth in great detail in the SAC, Nexus sells perforating guns ("perf guns") and perf gun parts, which are used to wirelessly connect perforating guns into a long assembly, known as a string, which are lowered down an oil-well and used to shoot a pattern of holes into the well casing, so that oil can spill into the casing and then be harvested at the surface.  Dkt. No. 38, ¶8.

Nexus had extensive communications with Mr. DeLozier and C&J regarding

implementing Nexus's technology into C&J's products.  *Id*. at ¶12.  DeLozier and Nexus met or exchanged communications on several occasions regarding Nexus's perf gun technology.  *Id*. at ¶12-14.  After one meeting where the parties reviewed parts that Nexus developed for C&J perf guns, the parties discussed making further modifications, which Nexus developed.  *Id*. at ¶13.  Nexus continued to develop parts in exchange for representations that it would be the exclusive provider of parts for C&J perf guns.  *Id*.

Around October 9, 2017, C&J successfully tested its perf guns with Nexus's parts. *Id*. at ¶14.  After successful testing, C&J began developing its own perf guns with Nexus's technology and released a perf gun assembly called the GameChanger™.  Over the course of their relationship, the Defendants worked with Sergio and had extensive communications in the form of e-mails, in-person meetings, and phone calls, where they discussed, in-depth, specifications for products and proprietary technologies that Defendants stated would be purchased from Nexus after successful testing, and in exchange for know-how, technological improvements, and product development, all of which Nexus provided.  *Id.* at ¶31.

## IV.   ISSUES REQUIRING RESOLUTION AND STANDARD OF REVIEW

The issues requiring resolution is whether Plaintiff has sufficiently pled facts and allegations to state a claim to relief that is plausible on its face for the following causes of actions: (i) breach of contract; (ii) common law fraud against all Defendants; (iii) promissory estoppel; (iv) negligent misrepresentation against all Defendants; (v) quantum meruit against all Defendants; (vi) common law misappropriation against all Defendants; and, (vii) civil conspiracy against all Defendants.

The standard of review for a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is *de novo*.  *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994).

## V.    LEGAL AUTHORITY

A plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In considering a motion to dismiss, the "[t]court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co.*, 369 F.3d at 467 (5th Cir. 2004).  A dismissal will not be affirmed if the allegations support relief **on any possible theory**.  *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992) (emphasis added).  "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or in separate ones.  If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.  Fed. R. Civ. P. 8(d)(2)-(3); *see also* Fed. R. Civ. P. 8(a)(3); Tex. R. Civ. P. 48.

## VI.    ARGUMENT

### A.    Plaintiff has pled sufficient facts to support a claim for breach of contract because the Statute of Frauds does not apply because partial performance is an exception to the Statute of Frauds.

A claim for a breach of contract requires (1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach.  *McGraw v. Brown Realty Co.*, 195

S.W.3d, 271, 276 (Tex. App. - Dallas 2006); *see also Hussong v. Schwan's Sales Enterprises, Inc.*, 896 S.W.2d 320, 326 (Tex. App. – Houston 1995).

Plaintiff has pled sufficient facts to state a claim for relief that is plausible on its face. Plaintiff pled that there was an agreement between Plaintiff and Defendants and Plaintiff pled that it acted in reliance of that agreement, to its detriment, when it provided its knowledge, expertise, know-how, technical specifications, and designs for parts to Defendants, which were specifically crafted for Defendants. Specifically, Plaintiff pled the following regarding the existence of a contract, a breach, and performance by Nexus:

> *. . . there was a mutual understanding between NEXUS and C&J that NEXUS would share valuable information on NEXUS technological improvements, patent pending technology, and engineering experience, in exchange for use and future business as compensation by C&J of NEXUS technology for a reasonable fee.* Doc. No. 38, ¶43;

> *Sergio, on behalf of Nexus, again met DELOZIER on Mar. 31, 2017 to review parts that NEXUS developed for C&J guns. During and after the meeting, further modifications of NEXUS parts for C&J guns were made and different sized parts were developed. NEXUS continued development of perforating guns and/or parts that could specifically be used in C&J's existing gun plans to accomplish an electromechanical connection like NEXUS used in its perf guns. C&J worked with NEXUS and made modifications to the parts to retrofit to C&J's existing gun plans. Parts were developed based on extensive contractual communications between C&J and NEXUS about uses and sales from NEXUS and C&J. C&J purchased small orders of parts, but with the agreement that larger orders would be forthcoming of the NEXUS parts. NEXUS developed the parts for C&J's perf guns in exchange for representations that it would be the exclusive provider of those parts for C&J when and as it expanded production. Id.* at ¶13.;

> *C&J's guns using NEXUS' parts were successfully tested in Denver, Colorado around October 9, 2017. Consistent with prior representations, DELOZIER told NEXUS of forthcoming part orders to retrofit 15,000 guns per month for the upcoming 2018 year. Id.* at ¶14.

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

With respect to the breach, Plaintiff also pled "C&J breached express and/or implied contracts with NEXUS. *Id*.at ¶42. Providing an "actual writing" is not required at the pleading stage. From these allegations, it is clear the Plaintiff has sufficiently pled a cause of action for breach of contract with sufficient facts related to partial performance to raise a plausible claim of relief. *See Martin K. Eby Constr. Co.*, 369 F.3d at 467 ("[t]court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff" when evaluating a motion to dismiss). While the Defendants mistakenly argue ultimate merits of the case (rather than sufficiency of the pleadings), Defendants mistakenly state that the mutual understanding of compensation was for Nexus' patent technology (Dkt. No. 39, pg. 9), but the compensation was not just for the patented technology, but also Nexus' know-how, technological improvements, and product development. Instead of abiding by the agreement, Defendants took all of Plaintiff's performance, expertise, know-how, technical specifications, and designs for parts, and subsequently released the same product it branded as the GameChanger™.

Defendants raise the Statute of Frauds as a <u>defense</u> to Plaintiff's breach of contract claim, however, the Court is not required to adjudicate Defendants' affirmative defense at the initial pleading stage. Plaintiff's burden is also not to defeat every possible affirmative defense at the initial pleading stage. Plaintiff need only state facts that, *when viewed as true and in favor of the Plaintiff*, support a claim that is plausible on its face. With that said, under the partial performance exception to the statute of frauds, contracts that have been partly performed, but do not meet the requirements of the statute of frauds, may be enforced in equity if denial of enforcement would amount to a virtual fraud.

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

*Preston Exploration Co. v. Chesapeake Energy Corp.*, Case No. H-08-3341, 2009 WL 6443108, at *4 (S.D. Tex. Nov. 3, 2009).  "The fraud arises when there is strong evidence establishing the existence of an agreement and its terms, the party acting in reliance on the contract has suffered a substantial detriment for which he has no adequate remedy, and the other party, if permitted to plead the statute, would reap an unearned benefit.  *Id*. (citations omitted).  "Virtual fraud refers the situation where the party acting in reliance on the contract has suffered substantial detriment, for which he has no adequate remedy, and the application of the statute of frauds would give the other party an unearned benefit."  *Alexander O&G, L.L.C. v. Nomad Land and Energy Resources, L.L.C.*, 313 F.Supp. 3d 794, 803 (S.D. Tex. 2018) (quoting *Owens v. Specialized Loan Servicing, L.L.C.*, 694 Fed.Appx. 950, 955 (5th Cir. 2017)).  Plaintiff has pled sufficient facts to support a claim that there has been virtual fraud  that would meet the partial performance exception to the statute of frauds because Plaintiff acted in reliance on the agreement that the parties entered into and suffered a substantial detriment after Plaintiff provided its expertise and then Defendants walked away with Plaintiff's technological information, know-how, and specifications without compensating Plaintiff.

Plaintiff has sufficiently pled a cause of action for breach of contract and sufficiently pled facts that would support a theory based on the partial performance exception of the statute of frauds.

**B.    Plaintiff alleged sufficient facts to support a cause of action for common law fraud against Defendants.**

The elements of fraud are: (1) a material false representation or omission; (2) that

**8**

was made with knowledge or recklessness as to its falsity; (3) with the intent to induce
reliance; (4) that the other party "actually and justifiably relied upon," causing him
injury. *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex.
2001). Here, Plaintiff pled an extremely detailed and particular claim for common law
fraud against Defendants. *See* Dkt. No. 38, ¶ ¶29-35. Plaintiff specifically pled,

> *DELOZIER and C&J made materially false representations and omissions
> of fact to NEXUS and its principal Sergio. Specifically, these
> DEFENDANTS (DELOZIER and C&J worked with Sergio and engaged in
> extensive communications over the course of about a year in the form of e-
> mails, in-person meetings, and phone calls where they discussed, in-depth,
> specifications for products and proprietary technologies that these
> DEFENDANTS (DELOZIER and C&J) stated would be purchased from
> NEXUS after successful testing, and in exchange for know-how,
> technological improvements, and product development. These statements
> were false promises of future performance and were known to be false, and
> made as a pretext for acquiring valuable information on NEXUS
> technological improvements, patent pending technology, and engineering
> experience that could be harnessed for the DEFENDANTS' own secreted
> purposes. At no time during this extensive relationship where confidential
> information was exchanged and business being offered did DELOZIER or
> C&J make known to NEXUS that they were developing in secret their own
> products using NEXUS technology, which they would later release and call
> "the GAMECHANGER$^{TM}$" based on NEXUS' information, engineering
> efforts, and then patent pending technology.* Dkt. No. 38, ¶31.

> *The aforementioned misrepresentations and omissions by DELOZIER and
> C&J were made with knowledge or recklessness as to falsity and with
> deceptive intent to induce reliance by NEXUS and Sergio. DELOZIER
> exploited the promise of future business as compensation to exact valuable
> information and product development from Sergio and NEXUS, all the
> while omitting critical facts about their own development of the
> GameChanger$^{TM}$. Had NEXUS known the actual facts and modus operandi
> of DELOZIER and C&J, it never would have dealt with them or shared
> critical information.* Dkt. No. 38, ¶32

The collection of statements are more than sufficient to meet the pleading standard
for fraud because it alleges: DeLozier and C&J (Who) discussed with Plaintiff

technologies, custom specifications, testing, and promised purchases (What) over the course of a year (When) through e-mails, in-person meetings, and phone calls in Texas (Where).  The collection of statements Defendants made were false and Defendants knew they were false because Defendants never intended to order parts to retrofit 15,000 guns per month in the year 2018 (*see Id.*, ¶14) and never intended to do business with NEXUS or compensate NEXUS for its knowledge, know-how, expertise, time, labor, and skill. Instead, Defendants made these false statements to induce Sergio to disclose and provide technologies, know-how, and custom samples for testing in reliance of purchases and a business relationship, and Sergio justifiably relied on these promises when he provided C&J with everything they needed to manufacture and use the same product (How). Defendants waited until after the testing of the NEXUS technology and parts was successful to take NEXUS' knowledge, know-how, expertise, time, labor, and skill and develop the same product without compensating NEXUS.

Accordingly, Plaintiff pled sufficient <u>highly specific</u> facts to support a plausible claim of fraud against Defendants under any applicable pleading standard.

### C. Plaintiff alleged sufficient facts to support a claim for promissory estoppel.

Under Texas law, the elements of promissory estoppel are: (1) a promise; (2) foreseeability of reliance thereon by the promisor; and (3) substantial reliance by the promise to his detriment.  *MetroplexCore, L.L.C. v. Parsons Transp., Inc.*, 743 F.3d 964, 977 (5th Cir. 2014) (citations omitted).  To show detrimental reliance, "a plaintiff must show that he materially changed his position in reliance on the promise."  *Motten v.*

*Chase Home Fin.*, 831 F. Supp. 2d 988, 1002 (S.D. Tex. 2011).  Defendants' statement that this claim is simply an attempt to re-package a claim for breach of contract does not mean the claim has not been sufficiently pled because Plaintiff can plead in the alternative.  Fed. R. Civ. P. 8(d)(2)-(3).; Tex. R. Civ. P. 48.  Moreover, "Promissory estoppel can be asserted as a cause of action and an exception to the statute of frauds." *Alexander O&G L.L.C.*, 313 F.Supp.3d at 803 (citing *Owens*, 694 Fed.Appx. at 955). "The only difference between the cause of action and the exception to the statute of frauds is that for the former, 'the promise does not have to be a promise to sign an existing document.'" *Id.*

Here, Plaintiff has pled a plausible claim of relief for promissory estoppel. Specifically, Plaintiff pled:

> *DEFENDANT C&J and DELOZIER promised PLAINTIFF that DEFENDANT would compensate it with future business and exclusivity in exchange for services, knowhow, and product designs adapted for its products.  PLAINTIFF relied on DEFENDANTS' promises in this regard by delivering its services, products, and knowhow.  Because of the nature of the promise, PLAINTIFF's reliance was both reasonable and substantial. DEFENDANTS C&J and DELOZIER knew, or reasonably should have known, that PLAINTIFF would rely on DEFENDANTS' promises to exclusively order products from PLAINTIFF to fit its product lines. PLAINTIFF's reliance on DEFENDANT'S promise resulted in injury to PLAINTIFF, which caused damages in the form of lost sales, and market share it could have sold or delivered elsewhere for fair market value.*

Dkt. No. 38, ¶63 (emphasis added).  Accordingly, Plaintiff has sufficiently alleged facts that: (1) the parties had an agreement; (2) Plaintiff relied on that agreement to supply Defendants with its knowledge, expertise, technological know-how, samples, and specific designs and parts for Defendants' product; and (3) Plaintiff substantially relied on this

agreement to its detriment because it did not receive the compensation it expected from Defendants in exchange for Plaintiff's sweat equity.

**D.   Plaintiff alleged sufficient facts to support a claim for negligent misrepresentation.**

The elements for a claim of negligent misrepresentation are: (1) defendant provides information in the course of his business, or in a transaction in which he has pecuniary interest; (2) the information provided for the guidance of other in their business is false; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; (4) the plaintiff justifiably relied on the information; and (5) the plaintiff suffered pecuniary loss by justifiably relying on the information.  *In re Enron Corp. Securities, Derivative & ERISA Litigation*, 762 F.Supp.2d 942, 980 (S.D. Tex. 2010).  Again, Plaintiff is allowed to plead in the alternative.  *See* Fed. R. Civ. P. 8(d)(2)-(3); *see also* Fed. R. Civ. P. (a)(3); Tex. R. Civ. P. 48.

Here, Plaintiff alleges sufficient facts to support a cause of action for negligent misrepresentation.  *See* Dkt. No. 38, ¶¶ 36-40.  Plaintiff alleges, "DELOZIER and C&J made false representations that NEXUS would be compensated in exchange for their access to valuable information on NEXUS technological improvements, patent pending technology, and engineering experience that could be harnessed for the DEFENDANTS' own purposes."  Id. at ¶38.

Defendants' negligent misrepresentation was not a promise to do or refrain to do something in the future, rather, it was a misrepresentation of <u>fact</u> that NEXUS would be compensated in exchange for access to Plaintiff's information, technological

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

improvements, and engineering experience.  They made misrepresentations of fact about supposed planned orders—and theses were misrepresentations.  Furthermore, Defendants made omissions in their dealings with NEXUS and Sergio that it was developing its own product with NEXUS' technological information and engineering experience.   The factual statement by Defendants' that large orders were planned was, at all times, false because Defendants had always intended on developing its own product after accessing Nexus' technology, technological improvements, and engineering experience. Defendants "did not exercise reasonable care or competence in communicating with Sergio or NEXUS, and for the likelihood that NEXUS would act in good faith on [Defendants'] representations . . ."  *Id*. at ¶39.  This is obviously why the Defendants concealed their development of the "GameChanger$^{TM}$" using Sergio's technology and abusing his good faith.

Finally, Plaintiff justifiably relied on Defendants' misrepresentation and suffered damages "in the lost value of sharing its knowhow, technological improvements, patent pending technology, and engineering experience, which should have resulted in profits in sales to C&J, and/or royalties, and market share for its own technology.  *Id*.  at ¶40.

Accordingly, Plaintiff has alleged sufficient facts to support a claim for negligent misrepresentation.

### E.    Plaintiff alleged sufficient facts to support a cause of action for quantum meruit.

Quantum meruit is founded on the principle of unjust enrichment. *Bashara v. Baptist Mem'l Hops. Sys.*, 685 S.W.2d 307, 310 (Tex. 1985).  The elements of quantum

meruit are: (1) plaintiff performed valuable services; (2) for the person sought to be charged; (3) the person sought to be charged accepted, used, and enjoyed these services; and, (4) the person sought to be charged was reasonably notified that the plaintiff expected payment for those services. *Hill v. Shamoun & Norman, LLP*, 544 S.W.3d 724, 732-733 (Tex. 2018).   Plaintiff sufficiently pled all four elements and facts must be resolved in favor of the Plaintiff. *Martin K. Eby Constr. Co.*, 369 F.3d at 467.

Plaintiff has pled that: (1) Plaintiff provided design services, engineering, know-how, and parts, which were successfully tested (*see* Dkt. No. 38, ¶49); (2) Plaintiff provided these services to Defendants (*see id.*); (3) Defendants accepted these services and parts and acknowledged that the parts were successfully tested (*see id.*); (3) Defendants used these services to create its own product, called the GameChanger™; and, (4)  Defendants knew that Plaintiff expected compensation for the services and Defendants never compensated Plaintiff for its services (*see id.* at ¶50).

Plaintiff's expectation of business and part orders was not a future business opportunity, but rather, compensation for services already provided.  Dkt. No. 38, ¶50 ("Defendants knew that PLAINTIFF expected compensation for the services. PLAINTIFF was to be compensated in the form of part orders and business relationships").  Plaintiff did not provide its expertise, know-how, and product designs for *only* a promise of future business opportunity; rather, Plaintiff has pled that it expected compensation and payment in the form of agreed upon business and part orders for services already rendered.  Accordingly, Plaintiff has pled sufficient facts to support a claim for quantum meruit.

**F.      Plaintiff alleged sufficient facts to support a cause of action for common law misappropriation.**

The elements for a cause of action for misappropriation include: (1) Plaintiff created a product through his or her extensive time, labor, skill, and money; (2) Defendant free-rode on the Plaintiff's work by using the product to engage in direct competition; and, (3) Plaintiff is commercially damaged.   *Vertex Services, LLC v. Oceanwide Houston, Inc.*, 583 S.W.3d 841, 849 (Tex. App. - Houston 2019).

Here, Plaintiff has pled that its research, know-how, engineering expertise, and design efforts for C&J parts were misappropriated.  Dkt. No. 38, ¶56.  Plaintiff is not making a claim for trade secret misappropriation or misappropriation of copyrightable subject matter.  Specifically, Plaintiff pled, the "design of parts involved considerable research and development, know-how and engineering experience of PLAINTIFF," which are separate and apart from an invention.  *Id.*  Further, "these parts were designed through Plaintiff's extensive time, labor, skill, and money.  *Id*.  "DEFENDANTS were supposed to compensate PLAINTIFF for his efforts, but compensation was never provided.  DEFENDANTS are free-riding on PLAINTIFF'S design efforts since parts have been and are presently used to improve DEFENDANTS' perforation guns."  *Id*. Plaintiff also pled, "NEXTIER continues to exploit the misappropriated know how and engineering experience and, as the successor in interest of C&J, is therefore liable for C&J's and its misappropriation."  *Id*.

Therefore, Plaintiff pled sufficient facts to state a plausible claim as to what Defendants misappropriated.

### G.     Plaintiff alleged sufficient facts to support a claim for civil conspiracy.

"A civil conspiracy is composed of two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means."  *In re Enron Corp. Securities, Derivative & ERISA Litigation*, 623 F.Supp.2d 798, 808 (S.D. Tex. 2009).  The elements for a civil conspiracy are (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and, (5) damages as the proximate result.  *Id.* at 809..

Here, Plaintiff has pled sufficient facts to support a claim for civil conspiracy. Specifically, Plaintiff pled:

> . . . *DELOZIER and representatives of C&J, and on information and belief, NEXTIER, had a meeting of the minds about the valuable technology they wanted to acquire from PLAINTFF without having to pay fair market value for the products or services.  They took one or more overt, unlawful, and unethical acts in furtherance of the conspiracy, and did in fact deprive PLAINTIFF of the value of his knowhow, trust, and engineering experience.*

Dkt. No. 38, ¶60.  Defendants allege that the claim should be dismissed because the Defendants are all part of the same entity, however, at the time of the overt acts, NEXTIER and C&J were not part of the same collective entity.  Accordingly, Plaintiff pled sufficient facts to support a claim of civil conspiracy against Defendants.

## VII.   **CONCLUSION**

This Court should deny Defendants' motion to dismiss Plaintiff's claims for breach of contract, common law fraud, promissory estoppel, negligent misrepresentation, quantum meruit, common law misappropriation, and civil conspiracy because, when viewing all-well pleaded facts as true and in the light most favorable to Plaintiff, Plaintiff

has alleged sufficient facts to adequately support its causes of action.

Date: <u>October 20, 2020</u>                              Respectfully submitted,

BUCHE & ASSOCIATES, P.C.

<u>/s/ John K. Buche</u>
John K. Buche (SBN
Scott D. Compton (SBN
Byron Ma (Pro Hac Vice Forthcoming)
1700 Post Oak Blvd., 2 Blvd. Pl., Suite 600
Houston, Texas 77056

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

## CERTIFICATE OF WORD COUNT

Per Judge Eskridge's Court Procedures, this response consists of 4,561 words.

/s/ John K. Buche
John K. Buche

## CERTIFICATE OF SERVICE

Pursuant to Local Rule CV-5(a)(3), I hereby certify that all counsel of record who are deemed to have consent to electronic service are being served on October 20, 2020 with a copy of this document via the Court's CM/ECF system.

/s/ John K. Buche
John K. Buche

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**