IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTERN DISTRICT OF TEXAS
HOUSTON DIVISION

**NEXUS PERFORATING LLC**

   *Plaintiff*,

v.

**C&J ENERGY SERVICES, INC.**, a Delaware Corporation; **NEXTIER OILFIELD SOLUTIONS INC.**, a Delaware Corporation; & **STEVE DELOZIER**, an Individual.

   *Defendants.*

Case No. 4:20-CV-01539

JURY TRIAL DEMANDED

**DEFENDANTS' MOTION TO STAY THE CASE
PENDING *INTER PARTES* REVIEW**

**TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................................. 1

II.    LEGAL STANDARD ........................................................................................................... 3

    A.    The America Invents Act's (AIA) *Inter Partes* Review Process ....................................... 3

    B.    Stay Pending IPR Proceedings ............................................................................................ 3

III.   ARGUMENT ........................................................................................................................ 4

    A.    Staying the case will simplify the issues in question. ........................................................ 4

    B.    The litigation is at an early stage. ....................................................................................... 6

    C.    Staying the case will not unduly prejudice Nexus. ............................................................. 8

IV.    CONCLUSION ................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**

*Aylus Networks, Inc. v. Apple, Inc.*,
  856 F.3d 1353 (Fed. Cir. 2017) ................................................................................................3, 5

*Baker Hughes Oilfield Operations LLC v. Packers Plus Energy Services Inc*,
  Case No. 4-16-cv-00019 (S.D. Tex. July 29, 2016) ..................................................................... 6

*Baker Hughes Oilfield Operations LLC v. Weatherford International LLC*,
  Case No. 4-18-cv-04797 (S.D. Tex. Mar. 4, 2019) ...................................................................... 6

*Cameron International Corporation v. Nitro Fluids LLC*,
  Case No. 4-18-cv-02533 (S.D. Tex. Mar. 25, 2019) .................................................................... 6

*Chart Trading Dev., LLC v. Tradestation Grp., Inc.*,
  2016 WL 1246579 (E.D. Tex. Mar. 29, 2016) ............................................................................. 9

*Ethicon, Inc. v. Quigg*,
  849 F.2d 1422 (Fed. Cir. 1988) .................................................................................................... 3

*E-Watch, Inc. v. Lorex Canada, Inc.*,
  2013 WL 5425298 (S.D. Tex. Sep. 26, 2103) ..................................................................... 3, 6, 7

*Exacta FracEnergy Services, Inc. et al v. Lee*,
  Case No. 4-19-cv-02459 (S.D. Tex. Sep. 15, 2020) ................................................................. 6, 8

*Infernal Tech., LLC v. Elec. Arts Inc.*,
  2016 WL 9000458 (E.D. Tex. Nov. 21, 2016) ............................................................................. 5

*IPT Global, LLC v. Offshore Technical Compliance LLC*,
  Case No. 4-19-cv-03230 (S.D. Tex. Oct. 20, 2020) ................................................................. 6, 8

*Neuro Cardiac Techs., LLC v. LivaNova, Inc.*,
  2018 WL 4901035 (S.D. Tex. Oct. 9, 2018) ........................................................................ 5, 6, 8

*NFC Tech. LLC v. HTC America, Inc.*,
  2015 WL 1069111 (E.D. Tex. Mar 11, 2015) .............................................................................. 5

*Tesco Corp. v. Weatherford Int'l, Inc.*,
  599 F. Supp. 2d 848 (S.D. Tex. 2009) (citing *Ethicon,* 849 F. 2d at 1426–27) .......................... 3

*Transocean Offshore Deepwater Drilling, Inc. v. Seadrill Americas, Inc.*,
   2015 WL 6394436 (S.D. Tex. Oct. 22, 2015) (Miller, J.) ................................................. 6, 7, 8

*Virtual Agility, Inc. v. Salesforce.com, Inc.*,
   759 F.3d 1307 (Fed. Cir. 2014) .................................................................................................. 5

**Other Authorities**

35 U.S.C. § 102 ...................................................................................................................................3

35 U.S.C. § 314(a) .............................................................................................................................4

35 U.S.C. § 314(b) .............................................................................................................................3

35 U.S.C. § 315(b) .............................................................................................................................9

35 U.S.C. § 315(e)(2) ........................................................................................................................9

37 C.F.R. § 42.107(b) ........................................................................................................................3

America Invents Act .........................................................................................................................3

Rule 12(b)(6) ................................................................................................................................. 2, 7

Defendants NexTier Oilfield Solutions Inc. and C&J Energy Services, Inc. (collectively, "NexTier") and Defendant Steve DeLozier, by and through their undersigned counsel, file this Motion to Stay the case pending the conclusion of NexTier's *Inter Partes* Review.

## I.  INTRODUCTION

On June 26, 2020, Plaintiff Nexus Perforating LLC ("Nexus") served its Original Complaint on Defendants asserting a claim for infringement of U.S. Patent No. 10,352,136 ("the '136 Patent"). On September 8, 2020, pursuant to this Court's schedule, Nexus identified Claims 1 and 2 of the '136 Patent as the asserted claims in this case.

In response, on October 21, 2020, Defendant NexTier Oilfield Solutions Inc. filed a petition for *Inter Partes* Review ("IPR") seeking to invalidate both Claims 1 and 2 under the patent law. By statute, the Patent Trial and Appeal Board ("PTAB") must decide whether to institute the IPR within six months of the granted filing date of the petition. Since the inception of the IPR process, the PTAB has only denied institution in roughly 33% of the total cases. Moreover, with respect to cases that were instituted and were not subsequently settled by the parties, the PTAB has invalidated one or more claims roughly 81% of the time, with the PTAB invalidating *all* of the challenged claims roughly 63% of the time.

In determining whether to stay a case pending an IPR petition, courts in this district apply a three-factor test. As detailed below, all three factors favor granting a stay. *First,* a stay will likely simplify the issues and reduce the burden on this Court and the parties. The IPR petition covers both of Nexus's asserted claims and it asserts six independent grounds for invalidation. If the PTAB adopts any one of those six grounds and invalidates the challenged claims, this will fully resolve Nexus's infringement case. Based on the United States Patent

1

and Trademark Office's own IPR statistics, this is highly likely. But even if Nexus is successful in distinguishing the cited prior art and avoiding the institution of the IPR, Nexus's pre-institution statements will become part of the '136 Patent's prosecution history and could dramatically alter the constructions of certain claim terms.

*Second,* this case is in its early stages. Following the filing of its infringement claim, Nexus amended its complaint to add certain state law claims. Shortly thereafter, Defendants filed a motion to dismiss those added claims under Rule 12(b)(6). While this issue is pending, the Court has stayed the vast majority of discovery. As a result, with the exception of producing a small number of documents relating to NexTier's sales information for the accused product, the parties have not begun the discovery process.

*Third,* Nexus will not suffer any prejudice from a stay. NexTier has been diligent in filing its IPR petition, and neither that petition nor this motion was a dilatory tactic. Under the IPR statute, an accused infringer normally has 12-months from the service date of the complaint to file an IPR petition. Here, NexTier filed its petition less than 4 months after Nexus served its Original Complaint, and only one month after Nexus identified the asserted claims in this case. As a result, Nexus cannot argue that NexTier has tactically delayed the filing of its petition in order to prejudice Nexus. Rather, NexTier promptly filed its petition after Nexus disclosed the claims-at-issue, and staying the case pending the conclusion of the IPR process will help both parties conserve litigation resources.

For these reasons, which are detailed below, the Court should grant a stay pending the conclusion of the IPR process.

## II.     LEGAL STANDARD

### A.     The America Invents Act's (AIA) *Inter Partes* Review Process

An *Inter Partes* Review is a procedure introduced by the America Invents Act ("AIA") that permits the PTAB to review the patentability of one or more claims of a patent under 35 U.S.C. § 102 (anticipation) and/or § 103 (obviousness). *See, e.g., E-Watch Inc. v. Avigilon Corp.*, Case No. H-13-0347, 2013 WL 12141359, at *1 (S.D. Tex. Nov. 15, 2013). The AIA replaced the previous reexamination procedure with IPRs, converting the process from an examination to an adjudicative one. The PTAB must either institute the IPR or deny the petition within six months after it sends a notice indicating that the petition has been granted a filing date. *See* 35 U.S.C. § 314(b); 37 C.F.R. § 42.107(b). Additionally, statements made by a patent owner during an IPR proceeding may be used to support a finding of prosecution disclaimer during claim construction proceedings. *Aylus Networks, Inc. v. Apple, Inc.,* 856 F.3d 1353, 1359–62 (Fed. Cir. 2017).

### B.     Stay Pending IPR Proceedings

A district court has the inherent authority to manage its docket and to grant a stay of an action pending an IPR. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1427 (Fed. Cir. 1988). In determining whether to grant a stay, courts considering this issue have consistently evaluated these three factors: (1) whether a stay will simplify the issues in question; (2) whether the litigation is at an early stage; and (3) whether a stay will unduly prejudice or provide a tactical disadvantage to the non-moving party. *Tesco Corp. v. Weatherford Int'l, Inc.,* 599 F. Supp. 2d 848, 850 (S.D. Tex. 2009) (citing *Ethicon,* 849 F. 2d at 1426–27).

### III. ARGUMENT

#### A. Staying the case will simplify the issues in question.

NexTier's IPR petition challenges both of Nexus's asserted claims—Claims 1 and 2—and raises six independent grounds for invalidity. None of the prior art cited in any of those six grounds was considered by the patent examiner during the prosecution of the '136 Patent, and to NexTier's knowledge, the claims of the '136 Patent have not been subjected to any prior post-grant review. Given that NexTier's petition relies on entirely new prior art references that were not previously known to the Patent Office, there is a significant likelihood that the PTAB will institute an IPR.

As detailed in the United States Patent and Trademark Office's own IPR statistics, the PTAB denies institution in only roughly 33% of the total cases. *See* Ex. A at 11. In fact, under the statute, the standard for instituting an IPR is only whether "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." *See* 35 U.S.C. § 314(a). Not only is institution far more likely than not, but the statistics also show that invalidation is highly probable. In cases where an IPR is instituted the case is not subsequently dismissed or settled by the parties, the PTAB invalidates one or more claims roughly 81% of the time and invalidates *all* of the challenged claims roughly 63% of the time. *See* Ex. A at 11. Thus, as a matter of statistics, Nexus cannot claim that staying the case is unlikely to simplify the issues or conserve judicial resources.

Additionally, any statements that Nexus makes in response to NexTier's cited prior art will become part of the '136 Patent's prosecution history and may be considered by the Court during claim construction. Even if the PTAB declines to institute the IPR, Nexus's attempts

4

to distinguish the cited prior art will be relevant to the issue of prosecution disclaimer and to this Court's interpretation of certain claim terms. *See Aylus Networks, Inc. v. Apple, Inc.,* 856 F.3d 1353, 1359–62 (Fed. Cir. 2017) (holding that the patent owner's statements may be used to support a finding of prosecution history disclaimer). As a result, staying the case pending the conclusion of the IPR process will simplify the issues in question by either resolving the infringement claims entirely, or at a bare minimum, providing valuable prosecution history that can be used to construe the claim terms.

The fact that the PTAB has not yet instituted an IPR does not defeat Defendants' request for a stay. "The Federal Circuit has explained that a district court may grant a stay while the PTAB determines whether to act on a petition." *Neuro Cardiac Techs., LLC v. LivaNova, Inc.,* Case No. H-18-1517, 2018 WL 4901035, at *2 (S.D. Tex. Oct. 9, 2018) (citing *Virtual Agility, Inc. v. Salesforce.com, Inc.,* 759 F.3d 1307, 1315–16 (Fed. Cir. 2014)). As noted by the court in *Neuro Cardiac,* "[d]istrict courts have consistently applied the Federal Circuit's logic to motions to stay pending grants of *inter partes* review." *Id.* (*citing NFC Tech. LLC v. HTC America, Inc.,* Case No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *6 (E.D. Tex. Mar 11, 2015) (collecting cases); *Infernal Tech., LLC v. Elec. Arts Inc.,* Case No. 2:15-cv-01523-JRG-RSP, 2016 WL 9000458, at *2 (E.D. Tex. Nov. 21, 2016).

This logic is also applied by courts in the Southern District of Texas. For example, in *Transocean Offshore*, even though the IPR had not yet been instituted, the district court held that "the simplification of the issues factor favors granting a stay" and stayed the case. *Transocean Offshore Deepwater Drilling, Inc. v. Seadrill Americas, Inc.,* Case No. H-15-144, 2015 WL 6394436,

at *4 (S.D. Tex. Oct. 22, 2015) (Miller, J.). Similarly, in each of the following cases from this District, the court granted a stay pending the PTAB's institution decision:

- *E-Watch, Inc. v. Lorex Canada, Inc.*, Case No. H-12-3314, 2013 WL 5425298 (S.D. Tex. Sep. 26, 2103);

- *IPT Global, LLC v. Offshore Technical Compliance LLC*, Case No. 4-19-cv-03230 (S.D. Tex. Oct. 20, 2020);

- *Exacta FracEnergy Services, Inc. et al v. Lee*, Case No. 4-19-cv-02459 (S.D. Tex. Sep. 15, 2020);

- *Cameron International Corporation v. Nitro Fluids LLC*, Case No. 4-18-cv-02533 (S.D. Tex. Mar. 25, 2019);

- *Baker Hughes Oilfield Operations LLC v. Weatherford International LLC*, Case No. 4-18-cv-04797 (S.D. Tex. Mar. 4, 2019);

- *Neuro and Cardiac Technologies, LLC v. LivaNova, Inc.*, Case No. 4-18-cv-01517 (S.D. Tex. Oct. 9, 2018)

- *Baker Hughes Oilfield Operations LLC v. Packers Plus Energy Services Inc*, Case No. 4-16-cv-00019 (S.D. Tex. July 29, 2016);

- *Transocean Offshore Deepwater Drilling, Inc. v. Seadrill Americas, Inc.*, Case No. 4-15-cv-00144 (S.D. Tex. Oct. 22, 2015).

Based on the above, this factor favors staying the case. *See E-Watch, Inc.*, 2013 WL 5425298 at *2 (stating that "[t]he outcome of the reexamination by the USPTO, whether the IPRs are instituted or not, will in either event help simplify the issues in this case").

### B. The litigation is at an early stage.

This second factor favors a stay when "there is more work ahead of the parties and the Court than behind the parties and the Court." *Transocean Offshore,* 2015 WL 6394436, at *5. This is indisputably true here.

As outlined above, Nexus first served its original complaint for patent infringement on June 26, 2020. Subsequently, on August 4, 2020, Nexus filed a First Amended Complaint seeking to add certain state law claims to this case. On August 25, 2020, Defendants responded by moving to dismiss Nexus's added claims under Rule 12(b)(6). On August 27, 2020, this Court held a scheduling conference, during which the Court stayed virtually all discovery pending resolution of this issue. Since that time, Nexus has filed a Second Amended Complaint that drops the infringement claim against Mr. DeLozier, and NexTier has followed suit by renewing its motion to dismiss in response to that amendment. Simply put, outside of the pending motion to dismiss, the parties' activity in this case has been *de minimis*.

Pursuant to the Court's temporary stay, the parties have not exchanged any discovery requests, noticed any depositions, or produced any internal communications or documents (other than a small number of documents corresponding to NexTier's sales information). *See Transocean Offshore,* 2015 WL 6394436, at *5 (holding that the case was in its early stages because "[t]he parties have not yet incurred the substantial burdens associated with extensive discovery, claim construction, and other litigation tasks"); *see also E-Watch, Inc.*, 2013 WL 5425298, at *3 (rejecting the argument that the case was too far along even though it had "been on file for 10 months" and the claim construction hearing was roughly a month away). As a result, Nexus cannot reasonably dispute that this case is in its early stages or that "there is more work ahead of the parties and the Court than behind the parties and the Court." *See id.* Accordingly, this second factor also weighs in favor of staying the case.

Further, this case is at a much earlier stage—three to five months earlier—than other pre-institution cases in which the Southern District of Texas has granted a stay. For example,

in *IPT Global, LLC v. Offshore Technical Compliance LLC*, Case No. 4-19-cv-03230 (S.D. Tex. Oct. 20, 2020), the Court stayed the litigation based on a Motion to Stay, which was filed on August 6, 2020. ECF No. 33. This was several months after the Joint Claim Construction and Prehearing Statement was filed on May 8, 2020, and after the parties had complied with many of the Patents Rules' requirements regarding tutorials and special masters. *See* ECF Nos. 24-29. Likewise, in *Exacta FracEnergy Services, Inc. v. Lee*, Case No. 4-19-cv-02459 (S.D. Tex. Sep. 15, 2020), the Court granted a Motion to Stay which was filed on September 11, 2020, ECF No. 38, almost two months after the Joint Claim Construction and Prehearing Statement was filed on July 17, 2020. ECF No. 30. As in *IPT Global*, the parties in *Exacta FracEnergy Services* had already filed their submissions regarding court-appointed special masters. ECF Nos. 33, 34.

In contrast, the Parties in the present case have not yet even begun work on their Joint Claim Construction and Prehearing Statement, which is not due until December 10, 2020, *see* Dkt. No. 33-1, pg. 3. The claim construction (*Markman*) hearing is not until April 1, 2021. *Id.* at 3. In short, the present motion comes *three to five months earlier* along the litigation timeline than the motions to stay that were granted in *IPT Global* and *Exacta FracEnergy Services*.

### C. Staying the case will not unduly prejudice Nexus.

In deciding a stay pending IPR, the delay that "inherently results from a stay does not constitute prejudice sufficient to deny a request for stay." *Transocean Offshore,* 2015 WL 6394436, at *2. Instead, "[a] central question in considering prejudice to the nonmoving party is whether the stay motion appears to be a dilatory tactic." *Neuro Cardiac*, 2018 WL 4901035, at *3 (citing *Chart Trading Dev., LLC v. Tradestation Grp., Inc.*, No. 6:14-CV-1136-JDL, 2016 WL

8

1246579, at *5 (E.D. Tex. Mar. 29, 2016)). Neither NexTier's IPR petition nor this stay motion are dilatory tactics. Instead, IPRs provide a statutory mechanism to invalidate patent claims that is far less expensive—and less burdensome on the court system and jurors—than traditional litigation. Statistically speaking, the IPR process provides a high probability of institution and the subsequent invalidation of one or more challenged claims. As a result, NexTier has every right to invoke this mechanism and has reasonably chosen to do so very early in the litigation, which shows that it is not engaging in dilatory tactics.

As outlined above, under the IPR statute, an accused infringer normally has 12-months after the service of a complaint to file a petition for IPR. *See* 35 U.S.C. § 315(b). Here, NexTier filed its petition less than 4-months after being served with Nexus's Original Complaint, and just one month after Nexus identified its asserted claims. NexTier has been diligent in pursuing an IPR precisely because it recognizes the value to both sides in seeking an expedient resolution of Nexus's infringement case that best conserves the resources of the parties. A stay is not only ***not*** prejudicial to Nexus, but it enables Nexus to similarly conserve resources and reduce its own attorneys' fees in this case.

Similarly, NexTier's decision to seek the institution of an IPR is not without risks to NexTier. Under the statute, if the IPR process results in a final written decision that upholds either of the challenged claims, NexTier will be estopped from pursuing invalidity at trial "on any ground that the petitioner raised or reasonably could have raised during that *inter partes* review." *See* 35 U.S.C. § 315(e)(2). Accordingly, as a matter of balance, NexTier's decision to seek an IPR with respect to the asserted claims is not a "dilatory tactic" designed to prejudice

Nexus's rights and was solely made to help the parties conserve their resources and the resources of this Court.

## IV.   CONCLUSION

Based on the above, all three factors considered by courts in determining whether to stay a case weigh in favor of granting Defendants' motion.  Accordingly, Defendants respectfully request that the Court stay this case pending *Inter Partes* Review of the '136 Patent, including staying the case pending the PTAB's institution decision on NexTier's petition.

Dated: October 23, 2020                              Respectfully submitted,

**AHMAD, ZAVITSANOS, ANAIPAKOS,
ALAVI & MENSING, P.C.**

*/s/ Amir Alavi*
Amir Alavi
Texas Bar No. 00793239
aalavi@azalaw.com
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@azalaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@azalaw.com
Monica Moussighi
Texas State Bar No. 24074767
mmoussighi@azalaw.com
Colin Phillips
Texas State Bar No. 24105937
cphillips@azalaw.com
1221 McKinney Street, Suite 2500
Houston, TX 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062
**ATTORNEYS FOR DEFENDANTS
C&J ENERGY SERVICES, INC.,
NEXTIER OILFIELD SOLUTIONS, INC.
and
STEVE DELOZIER**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the October 23, 2020, a copy of the foregoing was served on the following party electronically through the U.S. District Court, Southern District of Texas ECF system to all counsel of record, all of whom are Filing Users of the Court's Electronic Filing System.

                                                                        */s/ Amir Alavi*
                                                                          Amir Alavi