IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTERN DISTRICT OF TEXAS
HOUSTON DIVISION

NEXUS PERFORATING LLC

  *Plaintiffs*,

v.              Case No. 4:20-CV-01539

C&J ENERGY SERVICES, INC., a
Delaware Corporation; NEXTIER  JURY TRIAL DEMANDED
OILFIELD SOLUTIONS INC.,
a Delaware Corporation; & STEVE
DELOZIER, an Individual.

  *Defendants.*

---

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS NEXUS'S CLAIMS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) (DKT. 39)**

---

## TABLE OF CONTENTS

INTRODUCTION ...............................................................................................................1

ARGUMENT AND AUTHORITIES ...............................................................................1

    Breach of Contract (Count 5) ......................................................................................1

    Common Law Fraud (Count 3) ...................................................................................3

    Promissory Estoppel (Count 9) ..................................................................................4

    Negligent Misrepresentation (Count 4) ......................................................................5

    Quantum Meruit (Count 6) ..........................................................................................6

    Common Law Misappropriation (Count 7) ................................................................7

    Civil Conspiracy (Count 8) .........................................................................................7

# TABLE OF AUTHORITIES

**Cases**

*AK Fortyseven Records v. Bahamas Ministry of Tourism,*
  2018 WL 3241225 (S.D. Tex. 2018) ............................................................2

*BCY Water Supply Corp. v. Residential Invs., Inc.,*
  170 S.W.3d 596 (Tex. App.—Tyler 2005) .................................................5

*Bynane v. Bank of N.Y. Mellon,*
  866 F.3d 351 (5th Cir. 2017)........................................................................4

*Castillo v. Owen Loan Servicing,*
  539 F. App'x 621 (5th Cir. 2013) ................................................................2

*Collins v. Allied Pharm. Mgmt., Inc.,*
  871 S.W.2d 929 (Tex. App.—Houston [14th] 1994).......................... 3, 4, 6

*De Franceschi v. BAC Home Loans Servicing, L.P.,*
  477 Fed. Appx. 200 (5th Cir. 2012) ............................................................6

*Ellen v. F.H. Partners, LLC,*
  2010 WL 4909973 (Tex. App.—Austin 2010) ............................................5

*Exxon v. Breezevale,*
  82 S.W.3d 429 (Tex. App.—Dallas 2002)...................................................2

*Ford v. City State Bank of Palacios,*
  44 S.W.3d 121 (Tex. App.—Corpus Christi 2001) .....................................4

*GWTP Investments, L.P. v. SES Americom, Inc.,*
  497 F.3d 478 (5th Cir. 2007)........................................................................3

*Leach v. Conoco, Inc.,*
  892 S.W.2d 954 (Tex. App.—Houston [1st] 1995) .................................. 3, 4

*Terra Nova Sciences, LLC v. JOA Oil & Gas Houston, LLC,*
  738 F. Supp. 2d 689 (S.D. Tex. 2010) .........................................................7

2

*Vertex Services, LLC v. Oceanwide Houston, Inc.*,
  583 S.W.3d 841 (Tex. App.—Houston [1st] 2019) ...................................................7

**Other Authorities**

Del. Code Title 8, § 259(a) ............................................................................................7

Rule 12(b)(6).................................................................................................................2

**INTRODUCTION**

For each of its state law causes of action, Nexus fails to state a claim that is recognized under Texas law.  Rather, Nexus's Second Amended Complaint seeks to circumvent Texas's Statute of Frauds and unilaterally impose nonexistent contractual obligations on the Defendants.  This is explicitly prohibited by Texas courts.

Even worse, Defendants made Nexus aware of the controlling case law before Nexus filed its Second Amended Complaint.  As a result, Nexus's defiance of Texas state law has only one explanation:  Nexus hopes to use the mere pendency of state law claims as a litigation tactic.  Specifically, on October 21, 2020, NexTier filed a petition for *Inter Partes* Review ("IPR") with the Patent Trial and Appeal Board.  Three days later, Defendants moved this Court to stay the case pending the conclusion of that IPR process, as routinely done by courts around the nation, including courts here in the Southern District of Texas.  *See* Dkt. 42.  Given the prevalence of the IPR process and court orders staying litigation, Defendants suspect that Nexus will try to argue that this case should not be stayed because of its state law claims. However, Nexus cannot seek to thwart the interests of conserving judicial resources by advancing legally deficient claims.

**ARGUMENT AND AUTHORITIES**

**Breach of Contract (Count 5)**

For Nexus's breach of contract claim, Nexus neither identifies an actual contract nor identifies any alleged term that was breached.  Even more problematic, Nexus's alleged "mutual understanding" would be unenforceable under the Statute of Frauds for the reasons

detailed in Defendants' Motion.  *See AK Fortyseven Records v. Bahamas Ministry of Tourism*, 2018 WL 3241225, at *3 (S.D. Tex. 2018) (stating that "dismissal under Rule 12(b)(6) may be appropriate based on a successful affirmative defense such as the statute of frauds").

Nexus does not dispute that its alleged "mutual understanding" would trigger the Statute of Frauds.  Instead, in an attempt to sidestep that problem, Nexus argues in its Response that the doctrine of partial performance provides an exception to the statute's requirement of a signed writing.  But for this exception to apply, the "***partial performance must be unequivocally referable to the agreement*** and corroborative of the fact that a contract actually was made."  *Exxon v. Breezevale*, 82 S.W.3d 429, 439-40 (Tex. App.—Dallas 2002) (holding that "acts of performance relied upon to take a parol contract out of the statute of frauds ***must be such as could have been done with no other design than to fulfill the particular agreement*** sought to be enforced") (emphasis added).  Given the extreme narrowness of this exception, whether an act of performance is "unequivocally referable to the agreement" can be resolved by a court on a Rule 12(b)(6) motion.  *See Castillo v. Owen Loan Servicing*, 539 F. App'x 621, 624 (5th Cir. 2013).

Here, not only does Nexus fail to identify any "acts of performance" that would satisfy this standard, but Nexus's own Complaint alleges that "C&J ***purchased*** small orders of parts" from Nexus and that the parties "made modifications to the parts to retrofit to C&J's existing gun plans."  Dkt. 38 at ¶ 13 (emphasis added).  Therefore, on its face, Nexus's Complaint shows that its actions were not "unequivocally referable" to an alleged mutual understanding that Defendants would purchase an unknown quantity of parts at an unspecified price on an

2

undetermined future date.  Rather, Nexus's own allegations recognize that its act of modifying parts refers to parts that Defendants had purchased from Nexus—not to some alleged nebulous promise of future business.  Accordingly, as a matter of law, Nexus's Complaint not only fails to adequately plead an exception to the Statute of Frauds, but the partial performance exception that Nexus raises in its Response Brief is foreclosed by its own allegations.

**Common Law Fraud (Count 3)**

Nexus's claim for common law fraud is a mere re-packaging of its claim for breach of contract, designed to sidestep the fact that there was no contract.  However, under Texas law, "fraud claims cannot be used to circumvent the Statute of Frauds . . . insofar as the plaintiff seeks the benefit of the contractual bargain." *GWTP Investments, L.P. v. SES Americom, Inc.*, 497 F.3d 478, 484 (5th Cir. 2007)  In other words, "a plaintiff's fraud cause of action is barred by the Statute of Frauds when he seeks to obtain the benefit of the bargain that he would have obtained had the promise been performed." *Leach v. Conoco, Inc.*, 892 S.W.2d 954, 960 (Tex. App.—Houston [1st] 1995).  Simply put, Texas law does not allow a plaintiff to impose contractual obligations on a defendant by repackaging a contract claim as a claim based on an "allegedly fraudulent oral promise." *Id.*; *see also Collins v. Allied Pharm. Mgmt., Inc.*, 871 S.W.2d 929, 936 (Tex. App.—Houston [14th] 1994) (holding that "[w]here a plaintiff is seeking to recover what he would have gained had the promise been performed, the gist of his cause of action is the breach of the unenforceable promise, and is barred by the statute of frauds").

Here, Nexus is directly seeking the benefit of an alleged contractual bargain.  As stated in Nexus's Complaint, "Nexus has been damaged in the form of profits and royalties it might

3

have earned from C&J, and has also now lost market share that belongs to Nexus, to the extent DeLozier and C&J harnessed Nexus technology." Dkt. 38 at ¶ 34. Nexus does not even dispute that it is using its fraud claim "to recover what [it] would have gained had the promise been performed." *Collins*, 871 S.W.2d at 936. Accordingly, as in the cases cited above, Nexus "is attempting to use a fraud claim to circumvent the Statute of Frauds," which is impermissible under Texas law. *Leach*, 892 S.W.2d at 960.

## Promissory Estoppel (Count 9)

Similarly, Nexus's claim for promissory estoppel fails to allege that the defendant promised to sign an agreement satisfying the statute of frauds. Nexus does not dispute that its allegations fail to meet this pleading requirement. Instead, Nexus again attempts to sidestep this Statute of Frauds problem by arguing that "the promise does not have to be a promise to sign an existing document." Dkt. 41 at 15.

Nexus is mistaken. Under Texas law, a claim for promissory estoppel requires there to "have been a promise to sign a written contract which ***had been prepared*** and which would satisfy the requirements of the statute of frauds." *Bynane v. Bank of N.Y. Mellon*, 866 F.3d 351, 361 (5th Cir. 2017) (affirming the dismissal of the plaintiff's promissory estoppel claim) (emphasis added). Courts routinely apply this requirement to claims of promissory estoppel. *See, e.g., Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 139 (Tex. App.—Corpus Christi 2001) (holding that when promissory estoppel is asserted as an independent cause of action, "as when promissory estoppel is used as a defense, if the underlying oral promise is barred by the statute of frauds, the plaintiff must show that the promisor promised to sign a

4

written document that would satisfy the statute of frauds"); *Ellen v. F.H. Partners, LLC*, 2010 WL 4909973, at *4 (Tex. App.—Austin 2010) (holding that "the promise must be a promise to sign an already existing written agreement that would itself satisfy the requirements of the statute of frauds").

Unsurprisingly, despite two opportunities to amend its Complaint to make this allegation, Nexus has failed to do so—***because it cannot***.  Nexus cannot dispute that there was never a writing that would have obligated NexTier to purchase an unknown quantity of parts at an unspecified price on an undetermined future date.  Nexus's claim has no basis in the facts, and crucially, has no basis in Texas law.

## Negligent Misrepresentation (Count 4)

For claims of negligent misrepresentation, a "promise to do or refrain from doing an act in the future is ***not actionable***."  *BCY Water Supply Corp. v. Residential Invs., Inc.*, 170 S.W.3d 596, 603 (Tex. App.—Tyler 2005) (emphasis added).  In disregard of the case law, Nexus's Response makes the puzzling argument that "Defendants' negligent misrepresentation was not a promise to do or refrain to do something in the future, rather, it was a misrepresentation of fact that Nexus ***would be compensated*** in exchange for access to Nexus's information, technological improvements, and engineering experience."  Dkt. 41 at 16 (emphasis added).  But Nexus cannot avoid Texas law by claiming that an alleged promise that Defendants "would" compensate Nexus in the future is not a promise to do a future act.  This is especially true given that Nexus's Complaint bases this claim on the alleged promise "of ***future business as compensation*** in exchange for product development efforts."  Dkt.

38 at ¶ 39 (emphasis added).   Indeed, comparing Nexus's First and Second Amended Complaints, the only alteration that Nexus made with respect to this cause of action was to change "*would conduct future business* with Nexus in exchange for access to valuable information" to "*would be compensated* in exchange for their access to valuable information." *Compare* Dkt. 17 at ¶ 40 *with* Dkt. 38 at ¶ 38.   As a result, Nexus's claim for negligent misrepresentation is unambiguously based on a promise to do an act in the future. *See De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 Fed. Appx. 200, 205 (5th Cir. 2012) (affirming the dismissal of a negligent misrepresentation claim that was premised on the "promise of future action").

Accordingly, as with Nexus's other deficient state law claims, Nexus is seeking to circumvent the Statute of Frauds and unilaterally impose a contract on NexTier.  *See Collins*, 871 S.W.2d at 936 (stating that "[n]egligent misrepresentation may not be used to circumvent the statute of frauds").   Because the law does not permit Nexus to base a claim for negligent misrepresentation on an alleged promise to do something in the future, namely compensating Nexus with future business, Nexus's claim has no basis in Texas law.

## Quantum Meruit (Count 6)

Nexus's claim for quantum meruit is flawed for the same reasons discussed above.  In Nexus's own words: "Plaintiff's *expectation of business and part orders* was not a future business opportunity, but rather, compensation for services already provided." Dkt. 41 at 18 (emphasis added).  But under Texas law, "quantum meruit cannot be based upon a future business opportunity." *Terra Nova Sciences, LLC v. JOA Oil & Gas Houston, LLC*, 738 F. Supp.

2d 689, 697 (S.D. Tex. 2010).  What is an "***expectation*** of business and part orders" if not a future business opportunity?  Accordingly, this claim is merely an attempt to circumvent the Statute of Frauds and has no basis in Texas law.

## Common Law Misappropriation (Count 7)

Recognizing that common law misappropriation has been preempted by federal patent, copyright and trade secret law, Nexus tries to carve around its preemption problem by arguing that it "pled that its research, know-how, engineering expertise, and design efforts for C&J parts were misappropriated."  Dkt. 41 at 19.   However, even the *Vertex* case cited by Nexus concluded that "Vertex's ***knowledge, effort, and expertise are not work products capable of being misappropriated***," and so Nexus's argument—and claim—must fail.  *See Vertex Services, LLC v. Oceanwide Houston, Inc.*, 583 S.W.3d 841, 849 (Tex. App.—Houston [1st] 2019) (emphasis added).

## Civil Conspiracy (Count 8)

In trying to satisfy a civil conspiracy's requirement of "two or more persons" that had a "meeting of the minds," Nexus argues that "at the time of the overt acts, NexTier and C&J were not part of the same collective entity."  Dkt. 41 at 20.  But NexTier and C&J ***never*** coexisted—NexTier was the result of a merger between C&J and the Keane Group in October of 2019, and under Delaware law, C&J ceased to exist at the moment NexTier was formed.  *See* Del. Code Title 8, § 259(a).  As this merger information is publicly available, Nexus has no good faith basis for its argument, and like all of its other state law claims, Nexus's claim for civil conspiracy fails as a matter of Texas law.

Dated: October 30, 2020                Respectfully submitted,

**AHMAD, ZAVITSANOS, ANAIPAKOS,**
**ALAVI & MENSING, P.C.**

*/s/ Amir Alavi*
Amir Alavi
Texas Bar No. 00793239
aalavi@azalaw.com
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@azalaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@azalaw.com
Monica Moussighi
Texas State Bar No. 24074767
mmoussighi@azalaw.com
Colin Phillips
Texas State Bar No. 24105937
cphillips@azalaw.com
1221 McKinney Street, Suite 2500
Houston, TX 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062

**ATTORNEYS FOR DEFENDANTS**
**C&J ENERGY SERVICES, INC.,**
**NEXTIER OILFIELD SOLUTIONS, INC.**
**and STEVE DELOZIER**

## **CERTIFICATE OF WORD COUNT**

Per Judge Eskridge's Court Procedures, this reply consists of 1,988 words.

*/s/ Amir Alavi*
Amir Alavi

## **CERTIFICATE OF SERVICE**

I hereby certify that on the October 30, 2020, a copy of the foregoing was served on the following party electronically through the U.S. District Court, Southern District of Texas ECF system to all counsel of record, all of whom are Filing Users of the Court's Electronic Filing System.

*/s/ Amir Alavi*
Amir Alavi

9